# THE CHICAGO & ALTON RAILROAD COMPANY

## *v.*

## PATRICK KEEFE.

1. RAILROADS—*liability of a railroad company for injuries received by an employee, through the carelessness or negligence of a co-employee.*  Where a laborer upon a construction train, at work under the orders of the conductor in charge of such train, is injured in consequence of the moving of the train by the engineer, also in pursuance of the order of the conductor, but without giving the preliminary signal, as required by the rules, such laborer cannot recover against the common master for injuries resulting from the carelessness of his engineer, if the master had used due diligence in his selection.

2. The duties which attached the laborer, who received the injuries, to the train, as a part of its personal equipment, were such that his branch of service was not independent of those of the engineer, through whose carelessness he received the injuries, in any such sense, as to exempt him from the operation of the general rule, which refuses a remedy against a common master, in favor of one employee who receives an injury through the carelessness of another, while in the same line of duty.

APPEAL from the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

Patrick Keefe brings an action for damages, received while in the employ of the Chicago & Alton Railroad Company, as a laborer upon a construction train. The facts, as they appear in the record, show that Keefe was at work on the construction train, unloading railroad iron; that while so engaged, the conductor signaled the engineer to run his train on the switch, to get out of the road of an approaching passenger train. The engineer, without giving the preliminary signal, as required by the rules, started his engine, whereby Keefe was injured. A trial resulted in a judgment for the plaintiff, from which the company took this appeal.

Messrs. PALMER & HAY, for the appellant.

Messrs. McCLERNAND, BROADWELL & SPRINGER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In *Homer* v. *Ill. Cent. R. R. Co.*, 15 Ill., 550 ; *Ill Cent R. R. Co.* v. *Cox*, 21 ib., 20, and *Moss* v. *Johnson*, 22 ib., 633, this court, upon a full examination of the subject, and in conformity with the great current of authorities, held that one servant cannot recover against the common master for injuries

resulting from the carelessness of a fellow servant, if the mas-
ter had used due diligence in their selection.    This question
can no longer be considered an open one in this court, and we
do not propose to discuss it anew.

The second instruction given for the plaintiff in this case dis-
regards this principle.    That instruction, tells the jury, if the
carelessness of the engineer, in the management of the loco-
motive, caused the injury to the plaintiff, and if the plaintiff
was engaged in an independent branch of the defendant's
service, he should recover damages.    That the duties of an
employee of a railway company may be so entirely distinct
from all occupation upon its trains, as to leave him at liberty
to pursue the same legal remedies for injuries received
while a passenger, may very probably be true.    If, for exam-
ple, a book keeper in a railway office should be injured, when
travelling as a passenger, through the carelessness of the engi-
neer, the reasons upon which the rule above referred to are
founded, might be well held to have no application.    But the
employment of the person injured can not be considered dis-
tinct, in any sense, leading to this result, if of a character to
make him a part of the force employed upon the train.    If
his duties attach him to the train as a part of its personal
equipment, then his branch of service is not independent, in
any such sense, as to exempt him from the general rule in
regard to co-employees, in case he should be injured through
the carelessness of the engineer.    This was settled in the cases
in 21st and 22d Ill., in the former of which the connection
of the plaintiff with the train was the same as in the present
case, to wit: that of a laborer, loading and unloading the cars,
and the court held the rule to apply.    In the latter case, there
was still less connection between the plaintiff and the engi-
neer or conductor.    In the case before us, the plaintiff was a
part of the working force of a construction train, and had
been for some weeks, passing with it to and fro, and, although
his duties were distinct from those of the engineer, yet they

were fellow servants of the company, and both engaged in the same general duty, to wit: the operating a construction train, though each worked in his own department. To hold that the rule did not apply in cases of this sort, would be practically to nullify it, as every employee upon a train might claim to have a distinct sphere of duty from that of his fellows. The reasons upon which the rule rests, whether sound or not, apply as fully to the present plaintiff as they would to the brakeman or baggage master of a passenger train when injured by the carelessness of the engineer. The second instruction for the plaintiff should not have been given.

It is urged, however, that the rule does not apply when the injured employee is acting in subordination to the co-employee, through whose negligence the injury has occurred. We do not propose to decide this question, as it is not presented by the record. There is no controversy about the facts in this case. It appears by the record, that while the plaintiff was engaged in unloading railroad iron from a platform car, the conductor of the train went up the embankment to watch for an approaching passenger train, and signaled to the engineer to back the construction train in order to run on to a switch. The engineer backed without giving the preliminary whistle, as required by the rules, and the plaintiff was thrown from the platform car where he was at work. The record shows that the train, and all the persons upon it, were under the control of the conductor, and not of the engineer, and that this accident, so far as it was chargeable to the carelessness of any one, was due to that of the engineer, who started the train without giving the signal required by the rules. There is no pretense for charging the conductor with negligence, and he was the only person on the train to whom the plaintiff was in subordination. It follows that the first instruction given for the plaintiff submitted an issue to the jury which the evidence did not present, and it should not have been given because calculated to mislead. In place of this

the court should have given the 13th, 14th and 15th instructions, asked by defendant, which are in conformity with this opinion.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*