# Chicago & Alton Railroad Company

*v.*

# Kate Murphy, Administratrix, etc.

1. MASTER AND SERVANT—*liability of the common master for injury to a servant, received through the negligence of a fellow servant.* In an action against a railroad company by the administratrix of "A," for wrongfully causing the death of "A," who was at the time in the service of the company, it appeared that "A" was one of several workmen, under the immediate charge of one Hill, as foreman, whose duty consisted in examining all trains on their arrival at the railway station in B—and making all needed repairs. He and a fellow workman had been engaged in "jacking up" and repairing a car in a freight train, and having finished his work, had started for the shop where they kept their tools, when, in passing down between the rails of the main track, he was overtaken and struck by a switch engine, and so injured that he soon after died. The switch engine was constantly engaged on the station grounds, and although under the immediate control of the yard master, it was used for whatever purpose it might be required, and among others, for switching such car or cars as were to undergo repairs by Hill's men. If a car in a train which had just arrived was found to need repairs, Hill would advise the yard master, and the latter would have the switch engine place the car in such position in the yard as he might think proper, when Hill's men would make the necessary repairs. Under these circumstances it was *held,* that the deceased, and the engineer managing the engine, through whose negligence "A" received the injury which caused his death, were fellow servants in such a sense as to subject them to the operation of the well established rule, which refuses a remedy against a common master, in favor of one employee, who receives an injury through the carelessness of another, while in the same line of duty.

2. And, while it is not easy to define who are to be considered fellow servants in the sense of the general rule, which exempts the common master from liability for injuries received by one employee through the carelessness of another, while in the same line of duty, with such perfect accuracy that doubtful cases will not occur, in this case the court say that, in their opinion, the principle announced in the following instruction asked by the defendants is correct: "If the jury believe, from the evidence, that both the deceased and the engine driver, at the time deceased was injured, were in the employment of the railroad company, and that their ordinary occupations in such service bore such relations to each other, that the careless or negligent conduct of the engine driver endangered the safety of the

deceased, then such danger was incident to the employment of the deceased, and the plaintiff can not recover in this case."

3.  So where the ordinary duties and occupations of the servants of a common master are such that one is necessarily exposed to hazard by the carelessness of another, they must be supposed to have voluntarily taken the risks of such possible carelessness when they entered the service, and must be regarded as fellow servants within the meaning of the rule.

4.  And in this case, the fact that the engine driver received his orders from the yard master, while the deceased received his from the foreman of the repair gang, can not be considered as material.  They were still the fellow servants of a common master, working in the same place, to subserve the same interests, and with their occupations so related to each other that the safety of the deceased necessarily depended to a greater or less extent upon the care of the engine driver.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. WILLIAMS & BURR, for the appellants.

Messrs. WELDON, TIPTON & BENJAMIN, and Mr. JOHN H. McNULTA, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This is an action brought by the appellee, as administratrix of James Murphy, deceased, against the appellants, for wrongfully causing the death of said Murphy, who was at the time in appellants' service.  There is no dispute in regard to the facts.  The deceased was one of several workmen, under the immediate charge of one Hill, as foreman, whose duty consisted in examining all trains on their arrival at the railway station in Bloomington, and making all needed repairs.  He and a fellow laborer had been engaged in "jacking up" and repairing a car in a freight train, and having finished his work had started for the shop where they kept their tools, when, in

22—53RD ILL.

passing down between the rails of the main track, he was overtaken and struck by a switch engine, and so injured that he soon after died. The switch engine was constantly engaged on the station grounds, and although under the immediate control of the yard master, it was used for whatever purpose it might be required, and among others, for switching such car or cars as were to undergo repairs by Hill's men. In that way, it was more or less connected with the work in which deceased was engaged, and the engineer managing this engine, and the men of Hill's "repair gang," as it was called, were strictly fellow servants of a common master, having different functions, it is true, but engaged in the same general department, to-wit: the doing of the needed work upon the depot grounds for the purpose of dispatching the various trains. If a car in a train which had just arrived, was found to need repairs, Hill would advise the yard master, and the latter would have the switch engine place the car in such position in the yard as he might think proper, when Hill's men would make the necessary repairs.

Under these circumstances, we are wholly unable to hold, as insisted by counsel for appellee, that the deceased and the engineer were not fellow servants in such a sense as to subject them to the well established rule exempting the common master from liability in cases of this character. Admitting, as we do, the carelessness of the engineer upon the switch engine, in neglecting either to ring the bell or blow the whistle, and waiving the question as to whether the deceased was not chargeable with equal negligence, we are clearly of opinion that this case can not, in principle, be distinguished from the former cases decided by this court, in which we held, under an analogous state of facts, that no recovery could be had. It is true, we said in *Chicago & Alton R. R. Co.* v. *Keefe*, 47 Ill. 108, that the duties of an employee of a railway company might be so entirely distinct from all occupation upon its trains, as to leave him at liberty to pursue the usual legal remedies for injuries received while a passenger, and we instanced the case of a

book-keeper in a railway office, injured upon a train through the carelessness of the engineer.  We have no wish to modify what was there said, and we have shown in the opinion pronounced in the case of *Lalor* v. *The Chicago, Burlington & Quincy R. R. Co.* 52 Ill. 401, that we are not disposed to extend the exemption from liability claimed by railway companies under this rule, where one employee has been injured by the negligence of another.  In the last named case, we held the company liable on the ground that the plaintiff had been employed to do work only ordinarily hazardous, and had been required to perform other work, for which he was not engaged, and which was extra hazardous.  But there is nothing in either of those opinions which would make the appellants in this case chargeable with damages; and to hold the company liable, would be to disregard the almost uniform current of authorities, both in the American and English courts.  It is, of course, not easy to define who are to be considered fellow servants, in the sense of this rule, with such perfect accuracy that doubtful cases will not occur; but in our opinion, the principle announced in one of the instructions asked by the defendant, is correct.  That instruction was as follows:

"If the jury believe, from the evidence, that both the deceased and the engine driver, at the time deceased was injured, were in the employment of the railroad company, and that their ordinary occupations in such service bore such relations to each other, that the careless or negligent conduct of the engine driver endangered the safety of the deceased, then such danger was incident to the employment of the deceased, and the plaintiff can not recover in this case."

This instruction was refused, perhaps because the court considered its substance was embodied in one of those given for defendant, but in that event the court should have set aside the verdict as against the instructions.  When the ordinary duties and occupations of the servants of a common master are such

that one is necessarily exposed to hazard by the carelessness of another, they must be supposed to have voluntarily taken the risks of such possible carelessness when they entered the service, and must be regarded as fellow servants, within the meaning of this rule. The fact that the engine driver received his orders from the yard master, and the deceased received his from the foreman of the repair gang, we can not consider material in this case. They were still the fellow servants of a common master, working in the same place, to subserve the same interests, and with their occupations so related to each other that the safety of the deceased necessarily depended, to a greater or less extent, upon the care of the engine driver, and this he must have known when he entered the service.

We do not deem it necessary to dwell further on this case; but besides the cases heretofore decided by this court, we refer to the following authorities, cited by counsel for appellants, as fully sustaining the views here expressed. *Lovegrove* v. *London, Brighton & S. C. Railway Co.* 111 E. C. L. 669; *Morgan* v. *Vale of Neath Railway Co.* Law Rep. Q. B. vol. 1, p. 149; *Tunney* v. *Midland Railway Co.* Law Rep. C. P. vol 1, p. 291.

A new trial should have been granted by the court. The judgment must be reversed and the cause remanded.

*Judgment reversed.*