## The Columbus, Chicago and Indiana Central Railway Company

### *v.*

### Nicholas Troesch.

1. Negligence—*liability of railroad company to servant for acts of fellow servant.* Where a servant of a railroad company seeks to recover damages of the company on the grounds that the company was guilty of culpable negligence in furnishing for use an engine so unmanageable and so ill-constructed as to be unfit for business, and in employing and retaining in its service an engine-driver who was unskillful, imprudent and reckless, alleging that these facts were known to the company, or could have been by the exercise of diligence, but of which the plaintiff was totally ignorant, and by reason of one or the other of the negligent acts charged, he was injured while in the exercise of due care, it was *held* that he was bound to show the negligent acts charged by a preponderance of evidence, and that the company knew the facts, or could have known them by the exercise of diligence.

2. Instruction—*must not place right of recovery upon different grounds than shown in pleadings.* Where the declaration alleges the personal negligence of the defendant as the ground of liability, it is a fatal objection to instructions that they direct the attention of the jury to other and different elements of liability.

3. Master and servant—*liability of master to servant for negligence of co servant.* No doctrine is better settled than that one servant can not

35—68th Ill.

| | |
|---|---|
| 68 | 545 |
| 24a | 258 |
| 68 | 545 |
| 35a | 640 |
| 68 | 545 |
| 143 | 256 |
| 68 | 545 |
| 148 | 528 |
| 42a | 625 |
| 68 | 545 |
| 151 | 485 |
| 44a | 467 |
| 68 | 545 |
| 50ᵤ | 512 |
| 51a | 125 |
| 68 | 545 |
| 162 | 220 |
| 54a | 627 |
| 57a | 646 |
| 68 | 545 |
| 64a | 189 |
| 66a | 540 |
| 68 | 545 |
| 68a | 167 |
| 68 | 545 |
| 170 | 114 |
| 68 | 545 |
| 74a | 168 |
| 68 | 545 |
| 176 | 337 |
| 68 | 545 |
| 85a | 18 |
| 68 | 545 |
| e103aᶜ | 454 |

recover against the master for an injury occasioned by the negligence of another engaged in the same general business, if there has been ordinary care and diligence observed in the selection of servants.

4. SAME—*no warranty of competency of servant to the other servants.* The master does not warrant the competency of any of his servants to the others. The extent of his undertaking is, that he will exercise reasonable care in the selection of an employee, and if his incompetency is discovered, will dismiss him from service. The master will be liable where the injury is imputable directly to his personal negligence in the selection of the servant, or in retaining him after his incompetency is known.

5. SAME—*liability for defective machinery, etc.* As between master and servant, there is no implied warranty as to the fitness and soundness of the machinery furnished to the latter for use. It is the duty of a railroad company to exercise diligence, or, as some of the cases express it, the highest degree of diligence, to construct a safe road-bed, and furnish safe and sound machinery. Beyond that, it owes no duty to its employees, whatever may be its duty as to passengers.

6. If an injury occurs to an employee of a railway company through a defect or insufficiency in the machinery or implements furnished to the employees by the company, knowledge of the defect or insufficiency must be brought home to the company, or it must be proved it was ignorant of the same through its own negligence or want of care, or in other words, it must be shown that the company as master either knew, or ought to have known, the defects which caused the injury, before the company can be made liable.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action on the case, by Nicholas Troesch against the Columbus, Chicago and Indiana Central Railway Company, to recover damages for personal injuries. The opinion of the court states the facts and grounds upon which the recovery was sought. There was a verdict and judgment in favor of the plaintiff for $10,000 in the circuit court, to reverse which the defendant appealed.

Mr. E. WALKER, for the appellant.

Messrs. MERRIAM & ALEXANDER, and Mr. ROBERT HERVEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action is to recover for personal injuries. Appellee was a switch conductor employed in the yards of the company in Chicago. He was directed by the yard-master to move a train, consisting of from six to ten platform cars loaded with railroad iron, upon the Hoyne street switch. Appellee stood upon the front end of the forward car as the train was being pushed by the engine west on Kenzie street, at a rate of speed stated to be about seven miles per hour. Just before reaching the switch, appellee signalled the engine-driver, as he alleges, to "slow" the speed of the train. In response to the signal given, the engine-driver either shut off the steam or reversed the engine. The action, whatever it was, caused a sudden jerk of the car, which threw appellee upon the track, where he was injured by the moving cars, from which he suffered the loss of a leg and an arm. The irreparable loss suffered by appellee has commended his cause to the patient and careful consideration of the court, but we are unable to discover any tenable ground upon which to base an affirmance of the judgment in his favor.

This is a second trial had upon substantially the same evidence. Several witnesses not previously examined were introduced on the last trial, but the testimony is mainly cumulative, and presents no new phase of the case, nor does it materially strengthen the theories advanced by the respective parties.

The declaration is framed upon the hypothesis defendant was guilty of culpable negligence in two particulars: first, in furnishing for use an engine so unmanageable and so ill-constructed as to be unfit for business, and second, in employing and retaining in its service an engine-driver who was unskillful, imprudent and reckless. It is averred the defective condition of the engine, and the unskillfulness and incompetency of the engine-driver, were known to defendant, or could have been by the exercise of diligence, but of which

facts plaintiff was totally ignorant, and by reason of one or the other of the negligent acts charged, appellee, while in the exercise of due care, sustained the injuries. Hence it was incumbent upon the plaintiff to maintain, by a preponderance of the evidence, that the injury was caused by the negligence of defendant in permitting the use of a defective engine, or in the employment of an unskillful, reckless or incompetent engine-driver, while he was himself in the exercise of due care, and that the defective condition of the engine, or the unskillfulness or incompetency of the engine-driver, was known to defendant, or could have been known by the exercise of diligence.

The testimony offered to maintain these propositions was carefully considered upon the first appeal, and the former verdict was set aside for the sole reason it was against the weight of evidence. We have again carefully considered the case, with the additional testimony in the present record, and are driven to the conclusion the case, as made by the pleadings, is not sustained by the evidence. No reason is perceived for changing the views expressed in the former opinion, and we must adhere to that decision. *C. C. & I. C. R. R.* v. *Troesch*, 57 Ill. 155.

If this judgment can be maintained at all it must be on the propositions stated in the first and fifth instructions given to the jury at the instance of appellee:

"*First.* The railroad company is to be regarded as constructively present in all acts performed by its general agents within the scope of their authority, that is, within the range of their ordinary employment.

"*Second.* There was an implied warranty on the part of the company, at the time plaintiff was employed and put on the cars as conductor, that the locomotive engine employed in propelling the train was of reasonable, proper and safe construction, sound and in proper and good condition, so far as any defect, deficiency or unsoundness thereof might have

been discovered by the exercise of proper care and diligence on the part of the company."

The declaration counts upon the personal negligence of defendant, and not upon any implied warranty as to the fitness of the machinery furnished, nor upon any undertaking of the company as to the skillfulness or competency of the fellow servants of plaintiff in the same service. The *gravamen* of the action, as set forth, is the personal negligence of defendant. It would seem, therefore, to be a fatal objection to the instructions, that they directed the attention of the jury to an element of liability not involved in the case. But waiving all objection to the form of the pleadings, we do not think the doctrine asserted in either proposition can be maintained in the broad sense declared.

The application of the principle asserted in the first charge, in a case like the one we are considering, would reverse the rule that has uniformly prevailed in our jurisprudence, that one servant can not recover against the master for an injury inflicted by the negligence of a fellow laborer in a common employment. Who are the " general agents" alluded to in the charge in whose acts the company is regarded as constructively present? Is the engine-driver in charge such an agent? If we assume the company was constructively present in his acts, supervising and controlling, as the phrase is, it would follow as a logical conclusion, notwithstanding the plaintiff was engaged in a common service, defendant would be liable for any injury occasioned by his negligent conduct. In order to maintain this judgment on this principle, it would be necessary to overrule a uniform course of decisions made by this court holding a contrary doctrine. This we are not prepared to do. No doctrine is better settled than that one servant can not recover against the master for an injury occasioned by the negligence of another engaged in the same general business, if there has been ordinary care and diligence observed in the selection of servants. *Connor* v. *Ill. Cen. R. R. Co.* 15 Ill.

550        C. C. & I. C. R. W. Co. *v.* Troesch.        [Sept. T.

Opinion of the Court.

550; *Ill. Cen. R. R. Co.* v. *Cox*, 21 Ill. 24; *Chicago and Alton R. R. Co.* v. *Keefe*, 47 Ill. 108; *Chicago and Alton R. R. Co.* v. *Murphy*, 53 Ill. 336; *C. B. and Q. R. R. Co.* v. *Gregory*, 58 Ill. 272.

Even if we should regard the rule as impolitic, it has been so long established by the English and American decisions, we are not at liberty to depart from it. If it is to be changed at all, it must be done by legislative enactment.

The exceptional cases are only, as in the *Ill. Cen. R. R.* v. *Jewell*, 45 Ill. 99, where the injury is imputable directly to the personal negligence of the defendant in the selection of the servant, or in retaining him in service after his incompetency was known. The master does not warrant the competency of any of his servants to the others. The extent of the undertaking is, the company will exercise reasonable care in the selection of an employee, and if his incompetency is discovered, it will dismiss him from its service. Sher. and Red. Neg. sec. 86.

The case of *Wright* v. *N. Y. Cen. R. R. Co.* 25 N. Y. 562, is a well considered case on this subject. It is there distinctly declared, the employer does not undertake with its employees for the skill and competency of the other employees in and about the same service. The liability is placed on the personal negligence of the company in the selection of its servants. In cases of injury to passengers, the fault of the agent is imputed to the company, on grounds of public policy; but the rule is different where it is sought to make the company responsible for an injury to one of its own employees, unless the case can be brought within the exceptions to the general doctrine. This principle is certainly sustained by the weight of authority. *Hayden* v. *Smithville Manufacturing Company*, 29 Conn. 548; *Keegan* v. *Western R. R. Co.* 4 Selden, 175; *Ch. and N. W. R. R.* v. *Swett*, 45 Ill. 195.

The case of *The Louisville and Nashville R. R.* v. *Collins*, 2 Duvall, 114, holds, one employee may recover for the gross

misconduct of a co-employee, although engaged in the same common service. It is upon the principle of the proposition we have been considering, as stated in the first charge to the jury, that in all those operations the invisible corporation, though never actually, is always constructively present through its acting agents who represent it, and whose acts, within their respective spheres, are its acts. The engine-driver. when acting in the range of his general employment, is declared to be one of those general agents in whose act the company is regarded as being constructively present.

The doctrine enunciated is novel, and what is remarkable is, not a single authority is cited, by the very able judge who delivered the opinion of the court, in support of the positions assumed. Mr. Redfield, in his work on the law of railways, although regarding the opinion as sound in its principles, and as having been maintained with uncommon ability in its logic, concedes it to be in opposition to the best considered English and American cases on that subject. Indeed there is very little conflict in the adjudged cases in either country, and where there has been a departure, it has been for peculiar reasons, which is a virtual concession of the soundness of the general rule.

The second proposition, as stated in the fifth instruction, is not the law. We do not understand there is any implied warranty as to the fitness and soundness of the machinery furnished to the employees. It is the duty of the company to exercise diligence, or, as some of the cases express it, the highest degree of diligence, to construct a safe road-bed, and furnish safe and sound machinery. Beyond that, they owe no duty to their employees, whatever may be their duty to passengers. If there was an implied warranty, as stated in the charge, no matter what degree of diligence the company might use, if the employee was injured by the use of defective machinery, he could still recover. This would be extending the liability of railroad companies to an unprecedented extent which is not warranted by reason or authority. When the

company has exercised proper diligence or, as is expressed in Shannon's case, 43 Ill. 338, the highest degree of diligence, in providing suitable machinery, nearly all the cases hold the employee assumes the risk incident to the service in which he engages.

It is known to be a perilous service, and he receives a compensation above that which is paid for common labor, for which he is supposed to contract against the ordinary hazards. The cases in this State and in sister States are with great unanimity to the effect, if injury arises from a defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defect or insufficiency must be brought home to the master, or proof given he was ignorant of the same through his own negligence or want of care, or, in other words, it must be shown he either knew or ought to have known the defects which caused the injury.

In *Noyes* v. *Smith*, 28 Verm. 59, the court say: "Where there is no actual notice of defect in an engine of that character, and no personal blame exist on the part of the master, there is no implied obligation or contract on his part that the engine is free from defects, or that it can be safely used by the servant. The law imposes no such obligation." The court then proceeds to state, as this court did in *Chicago and N. W. R. R.* v. *Swett,* the doctrine that an action by a servant will not lie against his principal for an injury sustained through the fault of a fellow servant, applies only to cases where the injury complained of occurred without the fault of the principal, either in the act which caused it or the employment of the person who committed it.

We have been referred to no well considered case that imposes a stricter liability than the following cases: *C. B. and Q. R. R.* v. *Gregory*, 58 Ill. 292; *Wright* v. *N. Y. Cen. R. R. Co., C. and A. R. R. Co.* v. *Shannon, C. and N. W. R. R.* v. *Swett, supra*; *Schooner Norway* v. *Jensen*, 52 Ill. 273; *Ill. Cen. R. R. Co.* v. *Welch*, 52 Ill. 183; *O'Donnel* v. *Alleghany*

*Valley R. R. Co.* 59 Penn. 239. They are in harmony with the views here expressed.

It seems to us no reason or public policy exists why a railroad company should be held liable to its employees, as upon an implied warranty as to the sufficiency or soundness of the machinery or implements furnished. Such companies are to be held to a high degree of diligence in this regard, but beyond that there are no rational grounds upon which they can be declared liable to persons who voluntarily, with a full knowledge of the hazards to which they will be exposed, seek employment in their service. The rule as stated in the fifth instruction is too broad, and may have misled the jury.

For the reasons indicated in this and in the former opinion, the judgment is reversed and the cause remanded.

*Judgment reversed.*