We find no error in sustaining the demurrers to the pleas.

*Judgment affirmed.*

---

## The St. Louis and Southeastern Railway Co.

### *v.*

## Henry Britz.

1. MASTER AND SERVANTS—*who are co-servants.* The engineer, brakemen and shovelers employed on a construction train are all co-servants, engaged in the same branch of service, and a shoveler who is injured through the negligence of the engineer or brakemen can not recover from their common employer for such injury, if the employer has used due diligence in their selection.

2. Same — *servant can not recover against master for injuries sustained through defective machinery.* Where an employee, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he can not complain if he is subsequently injured by such exposures; hence, an employee on a construction train, who is aware that the brakes on the cars are defective, or who has had an opportunity to know it, and still continues in such employment, can not recover, in a suit against his employer, for injuries sustained by reason of such defective brakes.

3. Negligence—*plaintiff guilty can not recover, unless his is slight and defendant's gross.* Although the defendant's negligence may have been the prime cause of the injury to the plaintiff, yet, if the plaintiff, by the exercise of due care, might have avoided receiving the injury, and his negligence is slight and that of defendant gross, when compared with each other, the plaintiff can not recover.

4. Verdict—*when general and special are not reconcilable.* When the general verdict of the jury is inconsistent, and not reconcilable with the facts specially found in reply to questions propounded to them by the court for special finding, the general verdict should be set aside.

5. Instruction—*must state all facts necessary to be proved.* An instruction which assumes to be, in itself, a complete statement of a case which, under the law, entitles a party to recover, must state fully all that need be proved, so that, if there were no other evidence, there could be no question as to the rights of the parties.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. J. M. Hamill, for the appellant.

Mr. William Winkelman, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action on the case, by appellee against appellant, for injuries received while employed as a laborer on one of appellant's construction trains. The train on which appellee was employed was used in hauling gravel, and appellee's principal work was that of a shoveler, in loading and unloading the cars. In the performance of this work it was necessary that he should ride on the train from the places of loading to those of unloading; and while thus engaged, on the evening of the 3d of April, 1873, the train on which he was ran into a passen-

ger train standing on the track at French Village, and appellee was either thrown from the car by the effect of the collision, or he jumped from it to avoid anticipated harm, and thus received the injuries complained of.

The jury found, by their general verdict, that the defendant was guilty, and assessed appellee's damages at $250. They also found specially, in response to interrogatories propounded to them, as follows:

1st. Was the plaintiff injured by the negligence of any of his fellow servants on the construction train, including the engine-driver or engineer?

Answer—No.

2d. If the construction train had been running at a proper rate of speed, and under full control, as it approached the station, would the injury to the plaintiff have occurred?

Answer—No.

3d. Does it appear, from the evidence, that the engine-driver or engineer was competent for that business?

Answer—Yes.

The only questions necessary to be noticed arise upon these special findings, and the giving of an instruction at the request of appellee.

If, as the special finding shows, the injury to appellee would not have occurred if the train had been running at a proper rate of speed and under full control as it approached the station, the converse must be true, that he received his injury in consequence of the train not being run at a proper rate of speed and under full control as it approached the station. How this could be, and yet the fellow servants of appellee be without fault, is, to us, incomprehensible. The engineer had charge of the engine, and there is no evidence that it was so defective in its construction, or so badly out of repair, that he could not control it, nor is there any pretense that it was controlled by any one else. It was the duty of the laborers on the train to assist in braking, when required, and although appellee denies that he was employed for that purpose, and it does not appear that he was ever specially called on to assist in braking, still the

evidence shows that he was employed generally as a laborer on the train; that the running of the train, and the control and direction of its employees, were under one boss or conductor; and that it was the habit of the shovelers to assist in braking, when required.

The engineer, brakemen and shovelers were co-servants of appellant, engaged in the same branch of service, and bound by the commands of the same superior. This was settled in *Chicago and Alton Railroad Co.* v. *Keefe*, 47 Ill. 108. The only difference, in this respect, between that and the present case is, there, the principal employment of the laborers was handling railroad iron, while here, it was shoveling gravel. In that case the laborer was injured through the negligence of the engineer in giving the proper signal before backing the train, and it was held, that was one of the perils contemplated in his employment by the company. The court said: "If his (the plaintiff's) duties attach him to the train as a part of its personal equipment, then his branch of service is not independent, in any such sense as to exempt him from the general rule in regard to co-employees, in case he should be injured through the carelessness of the engineer."

It was also said, in the same case: "In *Honner* v. *Illinois Central Railroad Co.* 15 Ill. 550, *Illinois Central Railroad Co.* v. *Cox*, 21 ib. 20, and *Moss* v. *Johnson*, 22 ib. 633, this court, upon a full examination of the subject, and in conformity with the great current of authorities, held that one servant can not recover against the common master for injuries resulting from the carelessness of a fellow servant, if the master had used due diligence in their selection." See, also, *Chicago and Alton Railroad Co.* v. *Murphy*, 53 Ill. 336.

For negligence, then, in managing the engine or the brakes, appellee is not entitled to recover, there being no claim made or proved that appellant was guilty of negligence in selecting its employees to whom these duties belonged.

But, it is claimed that appellant was negligent in not providing proper brakes for each of the cars, and the court, at the

instance of appellee, instructed the jury upon this point as follows:

"The court instructs the jury, that it is the duty of the railroad company, the defendant in this suit, when persons are carried on its road, to provide good and safe machinery, and keep the same in good order while used in operating their road. And if, from the evidence, the jury believe that, before and at the time of the accident complained of in the declaration, the defendant knew, or by reasonable diligence could have known, that its cars were not in proper order, that is the brakes on the train of cars on which plaintiff was riding at the time of the accident, and that the injury to the plaintiff would not have occurred had said brakes been in proper order, then the jury must find for the plaintiff."

This instruction is entirely too broad, and excludes from the jury the consideration of important evidence, essential to the correct determination of the rights of the parties. There was evidence tending to show (but as to the weight of which we express no opinion) that plaintiff received his injuries solely in consequence of his carelessness in jumping from the train, contrary to the remonstrances of the conductor.

It is familiar law in this court, that although the negligence of the defendant may have been the prime cause of the plaintiff's injury, yet if, by the exercise of due care, he might have avoided receiving the injury, and his negligence is not slight and that of the defendant gross, when compared with each other, he can not recover. Yet this hypothesis, fairly presented to the jury by the evidence, is entirely excluded by this instruction, and it is made their duty to find for the plaintiff, however grossly negligent he may have been, upon the single hypothesis that the injury would not have occurred if the brakes had been in proper condition. This was a circumstance to be considered in determining the comparative negligence of the parties, but not necessarily a controlling one, for many other hypotheses can be conceived without which plaintiff could not have received his injury, but which have nothing

at all to do with the question of relative negligence, as, for instance, if the appellant had not had a railroad, or had not had a construction train, or had not had it employed at the time and place it was, or had not employed appellee to work on it, he certainly could not have received that particular injury.

There was, also, evidence tending to show that appellee had been familiar with the defective condition of the brakes for some time; that he made no complaint to the officers of appellant on that account, and freely continued to work and ride on the train, with full knowledge of whatever peril was thereby occasioned. If this was true, then he can not recover for any injury he may have received on account of such defective condition of the brakes, for the rule, as stated by an eminent text-writer, is: "When an employee, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he can not complain if he is subsequently injured by such exposure." Wharton on Negligence, § 214. See, also, *Moss* v. *Johnson, supra; Illinois Central Railroad Co.* v. *Jewell,* 46 Ill. 99; *Wright* v. *New York Central Railroad Co.* 25 N. Y. 564; *Hayes* v. *The Western Trans. Co.* 3 Cushing, 270.

An instruction which assumes, as this does, to be, in itself, a complete statement of a case which, under the law, entitles a party to recover, must state fully all that need be proved, so that, if there were no other evidence, there could be no question as to the rights of the parties. The language of the instruction warranted the jury in laying aside all other instructions, and considering the case upon it alone, and this they doubtless did.

For error in giving this instruction, as well as because the general verdict is inconsistent and not reconcilable with the facts specially found by the jury, the judgment is reversed and the cause remanded.

*Judgment reversed.*