## JOSEPH MILLER
### v.
## OHIO & MISSISSIPPI RAILWAY COMPANY.

*Personal Injuries—Negligence—Fellow-Servants—Engineer and Laborer on Construction Train—Practice—Direction to find for Defendant.*

1. A laborer upon a construction train and the engineer are fellow-servants. Such laborer can not, therefore, recover from the master for a personal injury caused by the negligence of the engineer where the competency of the latter is not in issue.

2. Where the plaintiff's evidence, with all proper inferences of fact to be drawn therefrom, is insufficient to support a verdict for him, the court may properly direct a verdict for the defendant.

[Opinion filed October 15, 1887.]

IN ERROR to the Circuit Court of Richland County; the Hon. WILLIAM C. JONES, Judge, presiding.

This action was brought by the plaintiff in error to recover damages for personal injuries, received by him while in the employ of the railway company. The declaration consists of a single count and contains substantially the averments following: That plaintiff was in the employ of said railroad company as a laborer on its track, in making repairs on said track, but in no way connected with the management and operation of defendant's cars on said track; that plaintiff was

working under the direction of Elmer Hanover, who was then in the employ of defendant as a boss of extra section hands to work on track, repairing, etc.; that while so engaged as such laborer on said track, plaintiff was ordered by said section boss, under whom he was working, to go upon one of the dirt cars of said defendant, connected with a construction train then and there standing upon said railway track, and clear out the dirt, sand and gravel in said car connected with said train, and that to said train was attached a locomotive for the purpose of moving said train of cars, which said locomotive was under the direction and management of one Childs as engine driver and engineer; that while plaintiff was on said car removing the dirt, sand and cinders from said car under direction of said section boss, the engineer of said train started the train without giving any signal, starting the train with a sudden jerk which threw plaintiff over the end of the car on which he was so working, and from which he was thrown upon the track of said defendant, and a following car attached to said train; plaintiff, without any negligence or carelessness on his part, was run over and so crushed and injured as to lose his left hand and left leg; and that by reason of the recklessness and carelessness of said engine driver, plaintiff sustained damages to the amount of $10,000.

The general issue was pleaded and a trial had, when, at the conclusion of plaintiff's evidence, the defendant moved the court to instruct the jury to return a verdict for the defendant, which was done and the plaintiff sued out this writ of error.

It appears from the evidence that the plaintiff below commenced work for the defendant in April, 1886, and continued in its employ until October of that year, when he was injured by falling off a car and being run over by the car following. He was employed as one of an extra gang of laborers to work upon the road whenever needed, and doing any kind of labor required in keeping the road-bed and track in order. Sometimes he would be engaged in surfacing the track, and at other times in assisting in loading sand and gravel upon cars at the pit and unloading them when moved to the desired place upon

the line of the road. On the day before his injury he went with the construction train to the gravel pit and having loaded the cars, the train ran back to Olney, bringing the laborers with it, where it laid over night, and the next morning again taking the laborers on board, ran to the place on the road where it was desired to unload the cars and commenced to unload them. The plaintiff assisted in unloading the flat cars composing a part of the train, and the dump cars, not so operating as to completely clear themselves of the sand, the plaintiff, with others, was directed by his boss to get upon the dump cars and loosen up the sand so the car would discharge itself. He did so, and standing at the end of the car, struck his shovel into the sand to loosen it, and while in the act of striking the second blow the train, without warning, was suddenly started by the engineer and the plaintiff was thrown upon the track between the cars, and the car following ran over him, seriously and permanently injuring him.

Messrs. ALLEN & FRITCHEY, for plaintiff in error.

Motions to instruct the jury to find for defendant are in the nature of demurrers to evidence. They admit not only all the testimony proves, but all it tends to prove. To authorize the court to take a case from the jury the facts must be undisputed. Frazier v. Howe, 106 Ill. 563; Penn. Coal Co. v. Conlon, 101 Ill. 93, 106; Park v. Ross, 11 How. 362; Doan v. Lockwood, 115 Ill. 490; Crowe v. People, 92 Ill. 231.

The question whether one servant is in the same line of duty and so associated with another servant of the same master as to relieve the master from liability for an injury to one, resulting from the negligence of the other, is a question of fact for the jury and not a question of law for the court. C. & N. W. R. R. Co. v. Moranda, 108 Ill. 576; North Chicago Rolling Mill Co. v. Johnson, 114 Ill. 57; I. & St. L. R. R. Co. v. Morganstine, 106 Ill. 216.

To exonerate a railway company from liability for an injury to one employe, through the gross negligence of another employe of the company, both must be engaged in the same line of duties. T., W. & W. R. R. Co. v. O'Conner, 77 Ill.

391; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; North Chicago Rolling Mill Co. v. Johnson, 114 Ill. 57.

A mere day laborer on the track of a railroad company may recover for an injury caused by the gross negligence of an engine driver, if free from negligence on his part. T., W. & W. R'y Co. v. O'Conner, 77 Ill. 391; North Chicago Rolling Mill Co. v. Johnson, 114 Ill. 57.

A workman on the railroad track and an engineer on a locomotive are not in the same line of employment, and the former may recover of the company if injured through the negligence of the latter. P., Ft. W. & C. R'y Co. v. Powers, 74 Ill. 341; C. & N. W. R'y Co. v. Bliss, 6 Ill. App. 411; Campbell v. N. Y. Central R. R. Co., 35 How. R. p. 506; C. & St. P. R. R. Co. v. Lundstrum, 16th Neb. 254; S. C. 49 Am. Reps. 718.

Unless an employe, who receives an injury through the negligence of a co-employe, is so associated with another in his work as to be able to counsel and advise with him, the common master is liable for the injury. T., W. & W. R'y Co. v. O'Conner, 77 Ill. 391; North Chicago Rolling Mill Co. v. Johnson, 114 Ill. 57; I. & St. L. R. R. Co. v. Morganstine, 106 Ill. 216; C. & N. W. R. R. Co. v. Moranda, 108 Ill. 576; C. & W. I. R. R. Co. v. Bingenheimer, 116 Ill. 226.

Messrs. POLLARD & WERNER, for defendant in error.

PILLSBURY, J. The testimony introduced, together with all inferences of fact that the jury might legitimately draw therefrom, was sufficient in our opinion to sustain a finding that the plaintiff was injured through the negligence of the engineer in charge of the locomotive attached to the train, in suddenly starting it without warning, and that at the time the plaintiff was not guilty of contributory negligence. If these facts alone would entitle the plaintiff to recover, then the court erred in directing a finding for the defendant. The evidence of the plaintiff, however, clearly established the fact that he was engaged with the construction train as a laborer upon it, and it is insisted that he was a fellow-servant with all the other em-

ployes of the defendant engaged in the loading or unloading the cars or in operating the train including the engineer and conductor.

The action of the court below was based upon this feature of the case, and if, from the evidence adduced, it so clearly appeared that the injury to the plaintiff was caused by the negligence of a fellow-servant that a finding based thereon, with all proper inferences of fact to be properly drawn therefrom that they were not fellow-servants, could not and would not be sustained by the courts, then, under the authority of Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340, Abend v. H. & T. R. R. Co., 111 Ill. 202, and City of East St. Louis v. O'Flynn, 119 Ill. 200, the court did but its simple duty in ruling as it did upon the motion to instruct the jury to find for defendant. We have most carefully examined the evidence contained in this record to ascertain if there was any fact or circumstance that would take this case out of the rule announced in the Cox case, 21 Ill. 23, the Keefe case, 47 Ill. 108, the Britz case, 72 Ill. 256, and the Durkin case, 76 Ill. 395, but are unable to distinguish this case from those cited in the principles there held applicable. In the cases referred to it was distinctly held that a laborer upon a construction train was a fellow-servant with the engineer and conductor, and that he could not recover for an injury received through their negligent acts where their competency was not in issue. These cases were referred to and the doctrine announced in them re-affirmed by the late case of Abend v. T. H. & T. R. R. Co., *supra*, and applied to the case of a blacksmith in the employ of the defendant, who was required to go out upon the line as one of a crew of a wrecking train, and while upon the road was killed by the negligence of the engineer, who was also acting as conductor of the train. In this last case the trial court excluded the evidence from the jury, and this action was approved by the Supreme Court. If that case is to be treated as a binding authority upon the lower courts, and as such we are bound to consider it, it would seem to be a sufficient warrant for the action of the Circuit Court in the case at bar in directing a finding for the defendant. It is undisputed

Miller v. O. & M. R'y Co.

that the plaintiff below was, on the day he was injured, one of the laborers engaged upon the construction train, a work as much within the line of his duties as any other which he was called upon to perform.    It is true he said he had nothing to do with the running of the train, and had no authority over the engineer or conductor, but these facts alike appeared in the cases cited, and were held not to have a controlling influence upon the question involved.    Without further discussion we are constrained to hold that the action of the court was justified in view of the cases above cited, and we therefore affirm the judgment.

*Judgment affirmed.*