## Pink Emery, Appellee, v. Illinois Central Railroad Company, Appellant.

MASTER AND SERVANT—*when former not held to liability of carrier.* Where a person in the employ of a railroad company travels upon the cars of the company back and forth from his home to the place where his services are rendered, or from one place to another in the performance of his duties, and is transported free of charge as part of the contract of service, and where the train is engaged in the construction or maintenance of way and the like and the employe's duties at the time of the injuries connect him with the train in the performance of that work, then he is, while so traveling, an employe and not a passenger of the company, and is *per se* a fellow-servant with the train men, and, on that ground, the company will not be liable for an injury to him resulting from the negligence of the train men in operating the train.

Action in case for personal injuries. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1909. Reversed with finding of fact. Opinion filed June 15, 1909.

CLEMENS & SLATER, for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Williamson county, by appellee against appellant, to

recover for a personal injury sustained by appellee while in the service of appellant. Trial by jury. Verdict and judgment in favor of appellee for $250.

The case as stated by counsel for appellee is in substance as follows: Appellee had been employed by appellant for about ten years as a section hand, and it was his duty to help keep the track in repair and when occasion required it, to help load ties onto the construction train and unload them therefrom. On the 25th of January, 1908, appellee was engaged in loading ties which were being collected from various points along the road, between Carbondale and Brookport, to be conveyed to the tie preserving plant at Carbondale. When this work was to be done, all the crews of section men in the community were called into service. Each crew had with it its own foreman. On this morning, the plaintiff boarded the defendant's tie train at Carterville. The train proceeded south and east until the first working place, "Hog Cliff", was reached; then backed up the line, loading ties at various points until Creal Springs was reached. There was a train crew in charge of the train. The train crew operated the train and the other men handled the ties. When all the ties at a given point were loaded, the section men boarded the construction train and were by it conveyed to their next loading place. When the last lot were loaded at Creal Springs on the day of the injury, all the section men boarded the train to be carried to their respective homes, which it was the appellant's duty to do under its contract with the men, free of any charge, and this was the usual practice. After the men had boarded the train, it was backed up the line toward Carbondale, until Marion was reached. The section men occupied the caboose attached to the end of the train opposite the engine. At Marion the train backed in on the "Y" to turn the train so that it could proceed on the remainder of the trip with the engine ahead. On the "Y" the caboose came into contact with a box car so

violently that the workmen in the caboose were thrown about, and appellee was thrown against a stove and injured. The conductor, engineer and flagman on the train saw the box car some minutes before the collision, while they were backing in on the opposite side of the "Y", and ran the train at from six to ten miles an hour.

Counsel for appellee does not contend that the relation of carrier and passenger existed between the parties, and such contention could not be sustained if made. Counsel's position is that the relation was that of master and servant and that appellee was injured by negligence on the part of the master, and that the servants through whose negligence the injury occurred were not fellow-servants with appellee "as matter of law", but that it was a question of fact for the jury to determine whether or not they were fellow-servants. And he says, the only substantial question is, whether "the injury inflicted upon appellee was by his fellow-servants."

Where the undisputed facts make employes fellow-servants under the law, it is the duty of the court to so declare; in such case there is no issue for a jury to try. We think the law applicable to this case may be stated as follows: Where a person in the employ of a railroad company travels upon the cars of the company back and forth from his home to the place where his services are rendered, or from one place to another in the performance of his duties, and is transported free of charge as part of the contract of service, and where the train is engaged in the construction or maintenance of way and the like and the employe's duties at the time of the injury connect him with the train in the performance of that work, then he is, while so traveling, an employe and not a passenger of the company, and is *per se* a fellow-servant with the train men, and, on that ground, the company will not be liable for an injury to him resulting from the negligence of the train men in operating the train.

Labatt on Master and Servant, Vol. 2, 1411 (k); American & English Ency. of Law, 2nd Ed., Vol. 12, 1003; Cyc., Vol. 26, 1351; Elliott on Railroads, 2nd Ed., Vol. 3, Sec. 1303 a and 1332; C. & A. R. R. Co. v. McDonald, 21 Ill. App. 409; Miller v. O. & M. Ry. Co., 24 Ill. App. 326; Chicago & Alton R. R. Co. v. Keefe, 47 Ill. 108; St. Louis & S. E. Ry. Co. v. Britz, 72 Ill. 256; Abend v. T. H. & I. R. R. Co., 111 Ill. 202; I. C. R. R. Co. v. Leiner, 202 Ill. 624 (638-639); Russell v. Hudson River R. R., 17 N. Y. 134.

We are of opinion that the wholly undisputed facts of the case at bar clearly make appellee a fellow-servant, under the law, with the members of the construction train-crew whose negligence caused the injury complained of.

The trial court erred in refusing to direct a verdict in favor of appellant.

The judgment of the Circuit Court of Williamson county is reversed, and we find as an ultimate fact to be incorporated in the judgment, that appellee was a fellow-servant with the servants whose negligence caused the injury complained of.

*Reversed with finding of fact.*