TOLEDO, WABASH AND WESTERN RAILWAY COMPANY

*v.*

CHARLES H. FOSS.

1. PLEADING AND EVIDENCE—*as to the character of negligence.* In a suit to recover damages for a personal injury occasioned by the negligence of the defendant, the allegation and proof must correspond. The plaintiff can not aver negligence in one particular, and prove, on the trial, that the defendant was guilty of negligence in another.

2. In a suit against a railroad company for damages on account of a personal injury, alleged to have been caused by the defendant carelessly running

its train against a horse, it is not competent for the plaintiff to prove that the railroad track was not properly fenced, or that the cars were not provided with steam brakes, or any other negligence than that averred.

3. Where the only negligence averred in the declaration, in a suit against a railroad company, is, that it ran its train carelessly, it is error to instruct the jury that, if the defendant was negligent in its failure to use air brakes, or other proper machinery in running its train, the plaintiff is entitled to recover.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER, BROWN & RUSSELL, for the appellant.

Messrs. GILLESPIE & HAPPY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by appellee, to recover for a personal injury received while a passenger on appellant's road, between Jacksonville and Springfield, on the 20th day of March, 1874. The declaration contains two counts. In the first one it is averred that defendant negligently and carelessly ran the train of cars, on which plaintiff was a passenger, violently against and upon a horse, by means whereof the car of the train occupied by plaintiff was thrown from the track, by means whereof plaintiff was injured, etc. The second count is like the first one, except it is averred the defendant willfully ran the train upon the horse.

Under this declaration, the plaintiff could not recover on account of any negligence of the railroad company other than that alleged. The allegation and proof must correspond. The plaintiff could not aver negligence in one particular, and, on the trial, prove that defendant was negligent in another regard. One object of a declaration is, to state the facts relied upon for a recovery so plainly that the defendant may be prepared to meet them. This object in pleading would be entirely defeated if a plaintiff had the right to aver in his declaration

one ground of action, and, on the trial, prove another and different one.

On the trial of the cause, the court permitted the plaintiff to prove the railroad track was not properly fenced; that a gate was down, so that animals could go upon the road, and, also, permitted the plaintiff to show the train was not provided with steam brakes. This testimony was improper. If the plaintiff based his right of action upon the negligence of the defendant in failing to use proper machinery in the equipment of its trains, or in neglecting to make or keep in repair fences sufficient to keep animals off its track, the established rules of pleading required him to aver these facts in his declaration, so that the defendant might, on the trial, be prepared to meet them by proof. *Illinois Central Railroad Co.* v. *McKee*, 43 Ill. 120.

This error in the admission of improper evidence was followed by an erroneous instruction upon the same point, which was as follows:

"The court further instructs the jury, for the plaintiff, that every man who has a sound physical system and healthy body, and the free use of his limbs, has the right to retain them, and their use and enjoyment, in any proper, lawful and useful manner; and a railroad company, when transporting such person for hire, has no right to deprive such person of his health, or the free use of any limb, under any circumstances, when, by the use of proper appliances, whether it be air brakes or other improved means of managing a train to avoid accident, or whether it be by the employment of one skillful and trusty brakeman to every two cars in a passenger train, or by other means reasonable and proper, such injury would be prevented; and if the jury believe that said defendant was guilty of negligence in any of the particulars above mentioned, in the operation of its said train on which plaintiff was, and that, by reason of such negligence, the plaintiff was deprived of the free use of one of his shoulders, then the jury should find their verdict for the plaintiff."

It will be observed that the only negligence averred in the declaration is, that the defendant carelessly ran its train upon which plaintiff was a passenger. Under this averment, the jury had no right to consider any negligence of the defendant in its failure to use air brakes or other proper machinery which might have added to the safety or security of the passenger; yet the jury were told by the instruction, if the injury arose from such negligence, the plaintiff was entitled to recover. If authority is necessary to condemn the instruction, we will content ourselves by referring to two decisions of this court, which fully settle the question: *Central Military Tract Railroad Co.* v. *Rockafellow*, 17 Ill. 541; *Chicago, Burlington and Quincy Railroad Co.* v. *Magee*, 60 id. 529.

The instruction could not do otherwise than mislead the jury upon a vital point in the case; and although defendant's instructions upon this question may have stated the law correctly, such fact would not cure the error, as it is impossible to tell which instruction the jury adopted to guide them in their deliberations in the jury room.

Other questions have been raised and discussed, but their consideration is not deemed important.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*