# THE CHICAGO & NORTHWESTERN RAILROAD COMPANY
## v.
## CASPAR SCHEURING.

1.  MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT.—A servant cannot recover against the master for an injury occasioned by the negligence of a fellow servant, while engaged in a common employment, if there has been ordinary care observed by the master in the selection of his servants.

2.  HAZARDS ASSUMED BY SERVANT.—Where the ordinary duties and occupation of the servants of a common master are such that one is necessarily

exposed to hazard by the carelessness or negligence of another, they must be supposed to have voluntarily assumed the risks of such carelessness or negligence when they entered the service.

3. COMMON EMPLOYMENT.—Where a person employed as a yard-hand, to perform such work as he might be called upon to do by the foreman, was directed by the foreman to assist in removing a heavy piece of machinery, made ready for removal by a person employed to strip engines, the latter assisting in its removal, it was a common employment, clearly within the line of his duties as a yard-man.

4. DUTY OF MASTER TO PROVIDE SAFE MACHINERY.—It is the duty of a master to provide his servants with suitable and safe machinery, but there is no implied warranty of fitness or soundness; neither will the master be liable for injuries arising from hi 'den defects, unless the master has notice of such defect, or might have had by the exercise of ordinary diligence.

5. PLEADING—TORTS.—If the pleader, though needlessly, describe the tort, and the means by which it was effected, with minuteness, and the proofs substantially vary from the statement, the variance will be fatal.

6. PRACTICE—SETTING ASIDE VERDICT.—If the verdict, when tested by the application of well settled legal principles, is wrong, it should not be permitted to stand, although it may be that two juries have already passed upon the case with like result in each instance.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed November 5, 1879.

Mr. A. M. HERRINGTON, for appellant; that an employer is not liable to a servant upon an implied warranty against an injury resulting from latent defects in machinery, cited Honner v. Ill. Cent. R. R. Co., 15 Ill. 550; Pennsylvania Co. v. Lynch, 11 Chicago Legal News, 169.

Where the servant has the same means of knowledge as the master, of defects in the machinery, and continues in its use, he will be held to have voluntarily assumed the risk: Asop v. Gates, 2 N. & M. 768; Gibson v. Erie R'y Co., 63 N. Y. 453; Lanning v. N. Y. Cent. R. R. Co. 49 N. Y. 534; Camp Point M'f'g Co. v. Ballou, 71 Ill. 417; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 548.

It is for the court as a question of law, after hearing the evidence, to determine the actual meaning and purposes of the parties, and the jury are bound by it, and the court in this case should have decided the question of common employment:

2 Parsons on Contracts, 292: Kamphouse v. Gaffner, 73 Ill. 453; Ogden v. Kirby, 79 Ill. 555; McEvoy v. Long, 13 Ill. 147; Lintner v. Millikin, 47 Ill. 178.

The plaintiff was a fellow servant, and hence cannot recover: Valtez v. O. & M. R'y Co. 85 Ill. 501; Ill. Cent. R. R. Co. v. Modglin, 85 Ill. 481; Colton v. Richards, 123 Mass. 488; Johnson v. City of Boston, 114 Mass. 118; Morgan v. Vale of Neath R'y Co. L. R. 1 Q. B. 149; Hord v. Vt. Cent. R. R. Co., 32 Vt. 473; T. W. & W. R. R. Co. v. Durkin, 76 Ill. 395; Wood's Master and Servant, 851.

· Plaintiff, if negligent, cannot recover unless the negligence of the defendant clearly and largely exceeds his: C. & N. W. R. · R. Co. v. Clark, 70 Ill. 276; Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 482; T. W. & W. R. R. Co. v. Grable, Ill. Sup. Ct. 1878.

Messrs. Brandt & Hoffman, for appellees ; as to the rule defining a common employment, cited Shearman and Redfield on Negligence, § 109; C. & A. R. R. Co. v. Murphy, 53 Ill. 339; Valtez v. O. & M. R'y Co. 85 Ill. 502 ; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217 ; Lalor v. C. B. & Q. R. R. Co. 52 Ill. 401; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272.

The employer is bound to furnish his servants safe materials and machinery : C. & N. W. R. R. Co. v. Swett, 45 Ill. 197 ; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309.

What is ordinary prudence, and what is negligence, is a question of fact for the jury : Town of Grayville v. Whitaker, 85 Ill. 439; Chicago v. Heintz, 87 Ill. 541.

The Appellate Court is the last court in this State in which the finding of the jury on the facts can be reviewed : Brownell v. Welch, 1 Ill. Syn. Rep. 37; Wallace v. Gould, 1 Ill. Syn. Rep. 52.

Wilson, J. This was an action on the case, brought by Caspar Scheuring against the Chicago and Northwestern Railroad Company, to recover for personal injuries while in the employ of the company.

There is a substantial agreement as to all the material facts upon which it is claimed the company's liability arises. The contention, therefore, is mainly in reference to questions of law arising out of conceded facts.

Scheuring was in the employ of the railroad company as a yard-hand at the company's shops in the city of Chicago, and had been at work in that capacity for about two years next preceding the time of the accident which caused the injury complained of. The business of the yard-hands was to do any and all work about the yards and in the shops that the foreman, Kennedy, might direct to be done; such as the lifting and moving of heavy materials, parts of engines, machinery, boilers, etc. The yard-men worked sometimes under the personal supervision of Kennedy, and sometimes in squads, but in execution of his orders when he was not present.

During a part of the time of Scheuring's service, one Henry O'Grady worked with him as a yard-hand, but was subsequently detailed to the work of stripping engines—that is, taking them to pieces for repairs. In August, 1876, O'Grady and one Preston were engaged in stripping an engine which had upon it two domes, one a light and the other a heavy one. After the light one was detached and ready to be removed, O'Grady directed Preston to get a plank on which to move it from the top of the engine to a rack or horse standing near by, the top of the rack being two or three feet lower than the top of the engine. Preston went outside of the building and found a pine plank on a "dumpy" which was used for carrying coal cinders. The plank was about 12 feet long, 14 inches wide and 3 inches thick, and was apparently sound. One end of the plank was placed on the engine, and the other end on the rack. The smaller dome having been lowered upon it, O'Grady applied to Kennedy for two men to assist him in removing the larger dome, which weighed about 200 pounds. Scheuring and Genter, another yard-hand, went, by direction of Kennedy, to assist O'Grady in its removal, and while steadying the dome across the plank to the rack, and when about midway, the plank broke, and O'Grady and Scheuring were precipitated to the ground, the dome falling upon Scheuring and cutting off his right hand, which is the injury complained of.

C. & N. W. R. R. Co. v. Scheuring.

The proof shows that there were other large planks, some of oak and some of pine, lying in and about the yard, which had been provided by the railroad company, to be used in moving machinery and heavy materials, and that these planks might have been used for moving the dome.    There is no testimony showing that the pine plank which was used, was provided by the company for the purpose of, or was intended to be used in, moving heavy weights.    On the contrary, it seemed to have been intended for a very different use, and was, at the time it was taken by Preston, in its place on the "dumpy" outside the building.    Scheuring was equally qualified to judge of its strength as O'Grady, as he was constantly handling all sorts of planks in the course of his ordinary business.

An examination of the plank after the accident occurred, disclosed a knot near the middle of the plank, which doubtless was the cause of its breaking under the unusual strain put upon it, but which was not noticed by reason of the coal dust and dirt that discolored the plank.

Upon these facts Scheuring recovered a verdict for $6,000, and had judgment for that sum.    The railroad company bring the record here and ask a reversal of the judgment.

No principle of law is more firmly settled, than that one servant cannot recover against the master, for an injury occasioned by the negligence or carelessness of a fellow-servant while engaged in a common employment, if there has been ordinary care and diligence observed by the master in the selection of his servants.    From Connor v. The Illinois Central Railroad Company, 15 Ill. 550—the earliest case decided by the Supreme Court of this State on this subject—down to the present time that court has used an unvarying language.    The rule established is that where the ordinary duties and occupations of the servants of a common master are such that one is necessarily exposed to hazard by the carelessness or negligence of another, they must be supposed to have voluntarily assumed the risks of such carelessness or negligence when they entered the service.    Ill. Cent. R. R. Co. v. Cox, 20 Ill. 24; Chicago & Alton R. R. Co. v. Keefe, 47 Ill. 108; same v. Murphy, 53 Ill. 336; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Columbus,

Chicago & Ind. Cent. R. R. Co. v. Troesch, 68 Ill. 545; Toledo, Wabash & Western R. R. Co. v. Foss, 88 Ill. 551. And such is the almost uniform current of authorities both in the American and English courts. The citation of further authorities is unnecessary.

The more difficult question in this class of cases is as to who are to be considered fellow-servants, in the sense of this rule. Doubtless cases must necessarily arise in which the proper solution of this question becomes one of much difficulty; each case must be determined upon its own facts, and the difficulty arises in applying the law to the particular case, rather than any question about the rule of law itself.

Was Scheuring a fellow-servant with O'Grady and Genter, and engaged with them in a common employment at the time of the accident?

The irreparable injury suffered by him in the loss of his right hand, has commended his case to the patient and careful consideration of the court, but we are unable to find any avenue by which to escape the conclusion that he occupied that relation. We think the evidence brings them strictly within the rule. At the time of the accident the labor of O'Grady as a stripper, in the technical sense of the term, had ceased. The dome had already been detached from the engine, and stood ready to be removed by the yard-men. O'Grady joined with them in that service, and for the time being was engaged with the yard-men in a common employment. The fact that Scheuring had never before been called upon to aid in moving a dome, is of no importance. It was clearly a kind of work that fell within the line of his duties as a yard-man. And the fact that O'Grady's ordinary business was to strip engines, did not render him any the less a fellow-servant with Scheuring and Genter when engaged with them in doing their ordinary work. In the case of the Chicago & Alton R. R. Co. v. Murphy's Administratrix, 53 Ill. 336, it appears that the deceased was one of several workmen under the charge of one Hill, as foreman, whose duty it was to examine trains on their arrival at Bloomington, and make all needed repairs. Murphy and a fellow-laborer had been engaged in repairing a freight car,

C. & N. W. R. R. Co. v. Scheuring.

and having finished his work, had started for the shop, when he was overtaken and struck by an engine, and was killed. The custom was, that upon the arrival of a train in which was a car needing repairs, the yard-master would direct the engineer of the switch-engine to place the car in such position as he might designate, and Hill's men would make the necessary repairs. Chief Justice Lawrence, in delivering the opinion of the court, says : " The engineer managing this engine and the men of Hill's ' repair gang,' as it was called, were strictly fellow-servants of a common master, having different functions, it is true, but engaged in the same general department, to wit: the doing of the needed work upon the depot grounds for the purpose of dispatching the various trains. Admitting, as we do, the carelessness of the engineer upon the switch engine, in neglecting either to blow the whistle or ring the bell, we are clearly of the opinion that this case cannot be distinguished in principle from the former cases decided by this court, in which we held, under an analogous state of facts, that no recovery could be had."

If in that case, where the injured party and the engineer were acting under different foremen, having different functions, and having wholly dissimilar duties to perform, the Supreme Court adjudged them to be fellow-servants, would there seem to be any doubt that O'Grady, Scheuring and Genter, while engaged together in lowering the dome, were fellow-servants? We think the case just cited was a stronger one for the plaintiff than is the one we are considering.

But it is claimed by appellee's counsel, that it is the duty of the master to furnish his servants with suitable and safe materials, and that for a failure to do so, the railroad company is liable. As a statement of the general rule, this may be conceded ; but to push the doctrine to the extent of saying that it admits of no qualification, would be consonant neither with reason nor justice; for this would be to make the master *pro hac vice* an insurer of the safety of his servants. The master would not be excused, even by the existence of secret defects which no amount of skill or scrutiny could detect. In Chicago &. Ind. Cent. R. R. Co. v. Troesch, 68 Ill. 545, Mr. Justice Scott says :

" We do not understand there is any implied warranty as to the fitness and soundness of the machinery furnished to the employes. It is the duty of the company to exercise diligence, or, as some of the cases express it, the highest degree of diligence, to construct a safe road-bed, and furnish sound and safe machinery. Beyond that, they owe no duty to their employes, whatever may be their duty to passengers. If there was an implied warranty, as stated in the charge, no matter what degree of diligence the company might use, if the employe was injured by the use of defective machinery, he could still recover. This would be extending the liability of a railroad company to an unprecedented extent, which is not warranted by reason or authority. The cases in this State, and in sister states are, with great unanimity, if the injury arises from a defect in the machinery or implements furnished to the servant by the master, knowledge of the defect must be brought home to the master, or proof given that he was ignorant of the same through his own negligence, or want of care." See, also, Noyes v. Smith, 28 Vt. 59, in which the court says : " Where there is no actual notice of defect in an engine, and no personal blame exists on the part of the master, there is no implied obligation or contract on his part that the engine is free from defects, or that it can be safely used by the servant."

As between a railroad company and the passengers whom it undertakes to carry safely, the company is held to the very highest degree of care and diligence; but to persons who voluntarily, and with a full knowledge of the hazards to which they will be exposed, seek employment in their service, there are no rational grounds upon which to require a railroad company to exercise a higher degree of care and skill, either in the conduct of its business or in the furnishing of materials and machinery, than a prudent man would naturally exercise in the management of his own business. The existence of the knot in the plank which caused the injury to Scheuring was not patent, nor known to the railroad company, and Scheuring was at least as guilty of want of care in not discovering it as was the company in not knowing it.

Another sufficient answer to appellee's claim that the railroad

did not furnish safe and proper materials is, that no such ground of recovery is averred in the plaintiff's declaration. The averment is that the defendant improperly placed the plank, by reason whereof the accident happened; not that it improperly furnished an insufficient plank; although, if there had been such an allegation, it would not have helped the plaintiff, for, as we have already seen, the proof would not have sustained the allegation. It is a familiar rule in pleading that a plaintiff must stand or fall upon the case stated in his declaration, and upon none other. Chitty lays down the doctrine (1st Chitty Pl. 427), that if the pleader, though needlessly, describes the tort, and the means by which it was effected, with minuteness, and the proofs substantially vary from the statement, the variance will be fatal. In Toledo, Wabash & Western R. R. Co. v. Foss, 88 Ill. 551, where the allegation was that the company carelessly ran its train against plaintiff's horse, the court held it was not competent for the plaintiff to prove that the railroad track was not properly fenced, nor that the cars were not provided with steam-brakes, nor any other negligence than that specifically averred in the declaration. And in City of Bloomington v. Goodrich, where the allegation was that the plaintiff was injured in consequence of the sidewalk being out of repair " by some of the planks being broken, so that large and deep holes were in said walk, and the surface of the same became very rough, irregular and uneven," and the proof showed that the only defect was that two of the plank were removed from the walk, it was held a fatal variance.

As a corollary from what we have said, it follows that the second instruction given for the plaintiff below was wrong, for the double reason that there was no proof on which to base it, and if there had been, the plaintiff's case, as stated in his declaration, is for a different cause of action than that on which the instruction proceeds.

The counsel for appellee called the attention of the court to the fact that two juries had already passed upon the case, in both instances finding against the company. It is sufficient to say, that if the verdict in the present suit, when tested by the

application of well settled legal principles, is wrong, it should not be permitted to stand; and, certainly, we are not able to perceive upon what rule of legal ethics a wrong, by repetition, becomes a right.

The judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.