# Ala. G. S. Railroad Co. *v.* Arnold.

*Action against Railroad Company for Personal Injuries.*

1. *Amended complaint; statute of limitations.*—When an amended count does not introduce a new cause of action, but merely varies the allegations as to the cause of action set out in the original complaint, the statute of limitations is not available as a defense, unless the bar was complete at the commencement of the suit; as where the original complaint claims damages on account of injuries sustained by plaintiff in falling from a platform at a railway station, by reason of the company's failure to provide a light, and an amended count describes the platform and steps with particularity, showing the necessity for a light on account of their dangerous condition.

2. *Direct and remote injuries.*—The negligence complained of being the failure of the defendant railway company to provide a light at the ticket office, where plaintiff was injured by falling from the platform in the dark, although the fall was caused by a false step, it can not be as-

[Ala. G. S. Railroad Co. v. Arnold.]

sumed, as a matter of law, that the want of a light was not the efficient cause of the false step and consequent fall.

3. *Accident, and contributory negligence.*—No action would lie, if the plaintiff's false step (and consequent fall) was entirely accidental, and without fault on the part of the defendant; nor if he was guilty of contributory negligence; but the evidence as to these matters being indeterminate, and resting in reference, the questions are properly submitted to the determination of the jury.

4. *Exemplary damages.*—Exemplary damages may be awarded, in an action against a railroad company for personal injuries, if the negligence was so gross as to evince an entire want of care, and sufficient to raise a presumption that the defendant, being cognizant of the probable consequences, was indifferent to the danger to which the persons or property of others was thereby exposed.

5. *Charges asked; right of party to examine.*—A party has the right to read and examine written charges requested by the adversary party, since an examination may be necessary to enable him to determine his own action in reference to them.

6. *Reading charges to jury.*—When charges asked are given, and so marked by the presiding judge, it is a legal right of the party to read, or have them read aloud to the jury.

7. *Hearsay inadmissible.*—While the plaintiff may prove the nature of a dangerous surgical operation, to which he was subjected in conseqence of the injuries received by him, as circumstances to be considered in determining his anxiety and suffering, he can not be allowed to testify to what the surgeon said to him at the time, such declarations being mere hearsay.

APPEAL from Greene Circuit Court.

Tried before the Hon. S. H. SPROTT.

This action was brought by John W. Arnold against the Alabama Great Southern Railroad Company, a domestic corporation, and was commenced on the 2d July, 1885. The complaint sets out that the plaintiff purchased a ticket from defendant's depot agent at Boligee, in Greene county, Ala., a station on defendant's railroad, in February, 1885; that he was in said depot or station-house when the north bound train on said road blew for the station; that the train was on schedule time, which was after seven o'clock p. m.; that it was very dark when he attempted to leave the depot across a narrow platform, about four feet above the ground, to take the train; that a narrow stairway or steps, about three and a half feet wide, led from the platform to the ground; that there were no lights on the platform, and but a dim light on the inside of the depot, so that he missed the narrow steps, and while feeling his way for them carefully with his foot he stepped on some hard substance, and when he bore his weight on it his foot slipped from under him and he fell from the platform to the ground, severely cutting and bruising his private parts on the corner of the steps or other hard substance, which caused him great pain, endangered his life, necessitated a dangerous surgical operation, confined him to his room for months, compelling the use of an instrument to void his urine; that he had to give up the

[Ala. G. S. Railroad Co. v. Arnold.]

profitable employment in which he was engaged and had incurred great expense for medical and surgical treatment, and laid his damages at ten thousand dollars. The negligence of the defendant specially complained of in the original complaint was the failure to light up the platform and steps. An amended count to the complaint subsequently filed alleged that the defective construction of the platform and steps rendered them unsafe and dangerous. This latter count was added more than twelve months after the happening of the injury complained of. The defendant pleaded—1. The general issue. 2. Contributory negligence. 3. The statute of limitation of twelve months to the amended complaint. 4. That the injury complained of was the result of pure accident. On these pleas issue was joined. During the examination of the plaintiff, who testified as a witness in his own behalf, he was permitted, against the objection of the defendant, to testify that he was told by Dr. Mastin (the surgeon who operated upon him) that to relieve him would require a dangerous operation. The objection of the defendant to this part of plaintiff's testimony was overruled by the court, and defendant excepted.

After the oral charge by the court, the defendant's counsel requested a number of charges in writing, some of which were given and some refused by the court. Defendant's counsel requested the court to read, or to permit defendant's counsel to read the charges given by the court to the jury; this was refused by the court, who handed said charges to the jury, stating that these charges marked given expressed correct legal propositions and that those refused did not. To this refusal of the court to read or permit read to the jury the charges requested by the defendant and given by the court, defendant excepted. The defendant also excepted to the action of the court in permitting plaintiff's counsel opportunity to examine said charges requested by the defendant, before giving them to the jury.

The charges asked by defendant, and refused by the court, were: 1. "If the jury believe all the evidence, they must find for the defendant under the first count of the complaint." 2. "If the jury believe all the evidence, they must find for the defendant under the second count of the complaint." 3. "If the jury believe all the evidence, they are not authorized to give to the plaintiff exemplary damages." 4. "If the jury believe all the evidence, they are not authorized to find that the injury to the plaintiff was wanton or intentional, or to assess exemplary damages against the defendant."

There was a verdict and judgment for the plaintiff for nine thousand dollars. The defendant appeals, assigning for error the refusal of the court to give the charges above stated and the other rulings excepted to.

Vol. lxxx.

[Ala. G. S. Railroad Co. v. Arnold.]

SAM'L F. RICE and J. B. HEAD, for appellant.—1. The court erred in refusing to give the first charge asked by the defendant, *i. e.*, that the jury should find for the defendant under the first count of the complaint, if they believed all the evidence. That count charged that the plaintiff received the injuries complained of by the negligence of the defendant in not providing sufficient light at the depot, and that "the darkness of the night then and there prevailed," and that the plaintiff was without fault. These words are "*descriptive of the identity* of that which is legally essential to the claim, and can not, therefore, be rejected." If the proximate cause of plaintiff's injuries was other than those alleged in said count, the defendant was entitled to a verdict.—*Dill v. Rather*, 30 Ala. 60; *Toledo, &c., Railway Co. v. Foss*, 88 Ill., 551; *Long v. Doxey*, 50 Ind. 385; *Lewis v. Flint & Pere Marquette R. R. Co.*, 54 Mich. 55 (s. c., 52 Am. Rep. 790); *Waldhier v. Hannibal, &c., R. R. Co.*, 71 Mo. 514; *Edens v. Hannibal, &c., R. R. Co.*, 72 Mo. 212. Under said first count, plaintiff is not entitled to recover, unless the evidence established the legal relation of cause and effect between the *particular negligence or wrong described in that count* and said "fall and injuries" complained of in that count.—43 Am. Rep. 762; *Lewis v. Flint & Perre Marquette R. R. Co.*, cited above. Nor is he entitled to recover if he did not himself use ordinary care and caution.—Beach on Contributory Neg. 7 to 9. 2. If plaintiff knew his surroundings, and that they were dangerous, and chose to take the risk without even asking for a light he is a volunteer and can not take advantage of his own lack of prudence. Where circumstances demand precautionary measures and an accident happens from the omission of them, this is want of ordinary care.—Moak's Underhill on Torts, 215; Railway Accident Law by Patterson, pp. 18-23; *Railroad Co. v. Aspell*, 23 Penn. Stat. R. 149 *et seq.* The settled doctrine of the Supreme Court of Alabama is that if passengers on railroad trains *expose themselves unnecessarily to danger*, they must do so at their peril.—*Ala. G. S. R. R'd Co. v. Hawk*, 72 Ala. 115-116, and cases there cited; see also, 23 Penn. State Rep. 149. 3. The second or new count of the complaint introduces the additional allegation that the steps and platform were unsafe and dangerous. Defendant's third plea answers that count. The substance of the plea is that this new matter, first introduced on April 20, 1886, was barred by the statute of limitations of one year.—*Mohr v. Lemle*, 69 Ala. 180; *Deshler v. Hodges*, 3 Ala. 511. 4. The court erred in allowing the plaintiff to prove by his own testimony that Dr. Mastin informed him that the operation was a dangerous one.— *Vicksburg & Meridian Railroad v. O'Brien*, 119 U. S. Rep. 102-3.

[Ala. G. S. Railroad Co. v. Arnold.]

5. Exemplary or vindictive damages are not recoverable, except " in cases where one knowingly, wantonly, and recklessly does an act fraught with probable injury to person or property, and ultimately producing such injury or damage."—*Lienkauff & Strauss v. Morris*, 66 Ala. 414; *Wilkinson v. Searcy*, 76 Ala. 176; 76 Ala. 492; 42 Penn. State Rep. 499; 94 Ind. 598.

J. B. HEAD, *contra*, cited Sedgwick on Damages, 719; *S. & N. R. R'd Co. v. McLendon*, 63 Ala. 266; *Rhodes v. Roberts*, 1 Stew. 145.

CLOPTON, J.—The original complaint, which contained but one count, sets forth as the cause of action, that the plaintiff, on February 10, 1885, sustained injuries by reason of the negligence of defendant in failing to provide light at a station, called Boligee, where persons desiring to take passage on the trains were required to purchase tickets, and to which place the plaintiff went for the purpose of purchasing a ticket, to take passage on a train which arrived after dark. After the expiration of more than one year from the time of the injury, the complaint was amended by the addition of another count, which alleges the same injury, as occurring at the same time and from the same cause, as in the original complaint, but introduces a minute description of the height, dimensions, and condition of the platform on which the ticket-office was erected, and of the steps leading thereto. To these additional allegations the defendant pleaded the statute of limitations. The amendment does not introduce a new cause of action, but varies the allegations as to a matter already in issue. The injury, and the negligence complained of as the cause, are the same as set forth in both counts; and while it is averred that the construction of the steps and platform rendered them unsafe and dangerous, this does not constitute the negligence alleged to be the cause of the injury, on account of which a recovery is sought; but, as we interpret the count, the allegations are intended to show a greater, and more imperative duty to provide a light, from the failure to do which, it is distinctly and expressly averred in the new count, the injuries resulted. Under neither count is the plaintiff entitled to recover for any negligence, other than the failure to provide a light.—*T. W. & W. Ry. Co. v. Foss*, 88 Ill. 551. The statute of limitations will not avail, when the amendment does not introduce a new cause of action, unless the bar is complete at the time of the institution of the suit.—*Dowling v. Blackman*, 70 Ala. 303.

The right of the defendant to the affirmative charges requested is rested on two grounds—that the evidence fails to establish the legal relation of cause and effect between the par-

[Ala. G. S. Railroad Co. v. Arnold.]

ticular negligence or wrong described, and the fall and injuries complained of; and that plaintiff's own negligence contributed thereto. Unquestionably, the negligence of the defendant must be the proximate cause of the injury to entitle the plaintiff to recover; that is, that the injury sustained was such, as might have been reasonably anticipated in the ordinary and usual course of events. No difficulty arises when the damage directly follows the wrong; when they are so proximately cotemporaneous, that no time or occasion is afforded for the operation of another instrumentality. It ordinarily arises, when there is an intervening cause, or several causes contributing to the result. Generally, in such case, the law will attribute the injury to the last cause, when it follows in immediate succession. But the agency nearest in point of time is not regarded in every case as the proximate cause in contemplation of law. The injury will be referred to the nearest and immediate agency only when it is independent of the original act or conduct of the defendant. If the intervening causes are merely incidental, having been set in motion by the first cause, and are not new and independent forces sufficient of themselves to cause the disaster, the law passes these, and traces the injury to the wrongful act, which puts them in operation. The principle is, that if the injury is produced by the wrongful act during the continuance of its causation, it will be regarded as the proximate cause; but as too remote, though furnishing the occasion, when the injury occurs after the act is completed and terminated, by the intervention of another and independent cause. "On the intervention of other agencies, the inquiry should be, is the original wrongful act an antecedent, efficient, and dominant cause, which put the other causes in operation?"—Cooley on Torts 70; *Insurance Co. v. Bonn*, 95 U. S. 117; *Billman v. In. Cin. & La F. R. R. Co.*, 40 Amer. Rep. 230; *Jordan v. Hyatt*, 4 Gratt. 151; *Ricker v. Freeman*, 9 Amer. Rep. 267; *Sheridan v. Brooklyn C. & N. R. R. Co.*, 36 N. Y. 39; *East Tenn., V. & G. R. R. Co. v. Lockhart*, 49 Ala. 315.

But it is unnecessary to pursue this line of consideration further; for it will be observed, there is no pretence of a third independent cause having intervened; but the contention is that the proximate cause was, the slipping of plaintiff's foot from under him, as he was stepping from the platform; and that the fall and injury were, either purely accidental, or the result of a want of ordinary care and caution on his part. In the cases to which our attention has been cited, there was, either an independent intervening cause, or the action of the independent will of the party injured, or contributory negligence. In one of the cases, *Henry v. St. Louis, Kan. City & No. Ry. Co.*, 43 Amer. R. 762, the plaintiff, being a passen-

[Ala. G. S. Railroad Co. v. Arnold.]

ger, was directed to change cars at a way station, and having entered the caboose attached to another train, was ordered to get out by an employee, because the train was not ready. After standing a short time on the platform, he stepped on an adjacent track, and while standing there was injured by another train. It is said: "If any injury had happened to him while in the act of prudently obeying the order to get out of the caboose, such injury would have been the proximate result of his expulsion, but after he was out of the caboose he was entirely free to select his own position, and did so after some minutes of meditation and consultation as to what course he should pursue." And further: "If the plaintiff, at the time he was injured, had been on his way to the caboose or otherwise lawfully crossing the track, and before crossing the same had looked and listened and could neither see nor hear an approaching train, he would undoubtedly have a right of action." The principle extracted is, that his expulsion was not the proximate cause, though the occasion, of his injury, by reason of having put himself, in the exercise of his independent will, in an unlawful position, after the causative power of his expulsion had terminated; but if in consequence of the order to leave the caboose, he had been in a position where he could be lawfully, and had exercised due care, the injury would have been referred to the expulsion. It may be conceded, that the immediate occasion of the fall and injury of plaintiff was the slipping of his foot. But back of this recurs the question, was a light necessary to enable persons to see their way safely from the ticket-office to the cars, and was the want of such light the efficient and dominant cause, producing the false step, which caused plaintiff's foot to slip? Though no action lies if the fall was accidental, and without the fault of defendant, these are questions resting in inference, and were properly submitted to the jury. There being evidence tending to show, that the fall and injury of plaintiff immediately followed his leaving the ticket-office, it cannot be affirmed as matter of law, that the absence of light, if such be the fact, was not the proximate cause. *E. T., V. & G. R. R. Co. v. Lockhart, supra.*

As long and well settled in this State, contributory negligence is matter of defense, and the burden of establishing it is on the defendant. Unless there is no conflict in the evidence, and no material fact left to inference, unless on the undisputed facts, and all inferences that may be reasonably deduced, it follows as a conclusion of law, the affirmative charge was properly refused. The argument is, that plaintiff was in no possible danger while he remained in the ticket-office; that he knew the surroundings and the circumstances which endangered him, and that they demanded precautionary measures; notwith-

standing which, he chose to take the risk without calling for light or assistance, the omission of which is want of ordinary care. The principle invoked is, that if a passenger unnecessarily exposes himself to danger, he does so at his own peril ; and that to put his life in jeopardy to save himself from mere inconvenience, is inexcusable rashness. The law unquestionably devolves on railroad companies the obligation, not only to properly construct and keep in safe condition their ticket-office, and the platforms and approaches thereto, but also to provide sufficient and suitable light when the trains arrive and depart in the night-time.—*Mo. & Eu. R. R. Co. v. Thompson*, 77 Ala. 448.

The plaintiff was at the station by the implied invitation of defendant. He had purchased a ticket, intending to take passage on the expected train ; and there is evidence tending to show that he remained in the ticket-office until the approach of the train was announced by the blowing of the whistle. The necessity of persons desiring to take passage on the trains, and the invitation to the travelling public to go to the ticket-office, is a standing and continuing assurance, that due precaution will be taken to insure safety. If the defendant held out to the plaintiff that the situation and condition of the platform and steps were such as to afford safe and suitable passage without a light from the ticket-office to the train, less vigilance and care will be required.—*Gaynor v. Old. Col. & New Ry. Co.*, 100 Mass. 208. Ordinary care, as generally defined, is such care as men of common prudence use in like position and circumstances. The plaintiff can not be deemed, *prima facie*, guilty of a want of ordinary care, if he did what all other persons, in like circumstances, had done for years without accident or injury.—*City Council of Montgomery v. Wright*, 72 Ala. 411. If therefore, by the fact that defendant held out the place as safe and suitable, by the plaintiff's familiarity with the situation, and by its constant and actual use, he was induced to *bona fide* believe that he could pass with safety, using due care in walking, and he did use such care, he can not be charged with having unnecessarily exposed himself to danger, or with a want of ordinary care and caution. On the other hand, if the plaintiff knew that it was dangerous to attempt to pass in the dark, and did not honestly believe that he could do so without accident or injury, and there was a light convenient, of which he would have had the benefit, and he omitted to avail himself of its advantage, these are circumstances, which may be considered in determining whether the plaintiff unnecessarily exposed himself to danger. But these material facts resting in inference, it results that the question of contributory negligence was properly submitted to the jury.

The circumstances under which exemplary damages may be assessed, have been so often, so fully, and so recently considered, that further discussion is not required. The record not informing us that special instructions were asked, relating to the circumstances under which such damages may be allowed, a mere statement of the rule will suffice. Without resting its application to be determined by the shadowy and indefinable line that distinguishes gross from ordinary negligence, a somewhat more specific rule has been established by our decisions. That rule is, when negligence is so gross as to evince an entire want of care, and is sufficient to raise a presumption that the defendant, being cognizant of the probable consequences, is indifferent to the danger to which the persons or property of others may be exposed—"a conscious indifference to consequences"—exemplary damages may be awarded. It is not necessary that the injury shall be wilful.— *Wilkinson v. Searcy*, 76 Ala. 176 ; *Leinkauf v. Morris*, 66 Ala. 406 ; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266. In the case last cited, the plaintiff sustained injuries caused by the failure and neglect to keep in proper repair a bridge, which the railroad company had erected on its right of way on a public highway, and which had been out of repair for several weeks. It was held, that the plaintiff might recover exemplary damages, if the negligence was gross, and that a charge that the plaintiff can not recover such damages was properly refused, the degree of negligence being a question for the determination of the jury. The same ruling is applicable in the present case. Had the instruction been given in the terms written, the court would have invaded the province of the jury.

It is difficult to conceive any step or proceeding taken in open court, by either party, in the conduct and progress of a trial, of which the adversary party has not the undoubted right to be informed, and the opportunity to examine, and deny or avoid. Concealment and secrecy, in such case, are violations of the rights of litigants, and contravene the policy of public trials, and the right of every party to be heard. There is no error in the court having permitted the attorneys of the plaintiff to examine the written charges requested by defendant. An examination was proper, and may have been necessary to enable them to determine whether to waive, except, or ask explanatory or qualifying instruction.

The uniform practice was, prior to the enactment of section 3109 of the Code, and the general custom since has been to give instructions orally, and read, or caused to be read to the jury, charges required by the statute to be in writing. The section provides : "Charges moved for by either party must be in writing, and must be given or refused in the terms in

[Ala. G. S. Railroad Co. v. Arnold.]

which they are written ; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto, which thereby becomes a part of the record, and must be taken by the jury with them on their retirement." The purpose of requiring requested instructions to be in writing is to prevent misunderstanding between the judge and the attorney. The judge is required to write *given* or *refused*, and sign the same, that they may become parts of the record ; and the jury are allowed to take them during their deliberations, to avoid errors of memory, or failure of recollection, or the confusion of charges as given or refused.—*Miller v. Hampton*, 37 Ala. 342. It was not intended by providing that the jury may take the charges with them on their retirement, which applies alike to those *given* and those *refused*, to abrogate the practice of reading, or causing them to be read to the jury, and to substitute handing them to the jury therefor. Not having expressly declared the mode of giving instructions, the statute merely requires the judge to write *given* on such charges as are given, in conformity with the common practice. Reading the charges is calculated to impress the jury that instructions prepared by counsel and given are entitled to equal consideration with the general charge of the court, and to enable them more thoroughly to comprehend the principles of law applicable to the different aspects of the case, by having their attention thus specially directed to the instructions. All communications between the court and the jury should be had in the hearing of the parties. It was intended by the statute to prohibit withholding the charges from the jury, after having been read to them. It was the right of the defendant to have the instructions moved for and given read to the jury.—*Langworthy v. Myers*, 14 Clarke (Iowa), 18.

While the nature and danger of the operation to which plaintiff was subjected are proper circumstances to be considered in determining the anxiety and mental and physical pain caused thereby, and while it may have been proper to show the mere fact that he was *informed*, without calling for the declarations themselves, it is not permissible to prove by the plaintiff for any purpose what the surgeon said to him. They do not fall within any of the exceptions to the general rule of the inadmissibility of hearsay evidence.—*Blackman v. Johnson*, 35 Ala. 252; *Vicksburg & Mer. R. R. Co. v. O'Brien*, 119 U. S. 99.

Reversed and remanded.