## Latrobe Steel & Coupler Company v. Christ Shlones.

### Gen. No. 12,715.

1. DECLARATION—*when proof does not sustain charge of negligence.* Where the evidence adduced is different from that charged in the declaration, a recovery will not be sustained.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JOSEPH. E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed, with finding of fact. Opinion filed October 23, 1906.

**Statement by the Court.** This is an appeal from a judgment in favor of appellee for $750 in an action on the case brought by appellee against appellant in the Superior Court.

Appellant operated a factory in which it manufactured railway supplies. Among the machines used in this factory was a molding machine known as number three molding machine. This machine was used for the purpose of making molds for castings, and consists of a table or platform with an aperture in the center through which the pattern from which the mold is made was raised and lowered by compressed air. When the mold was to be made, the pattern was raised so as to project above the surface of the table, and the molding box was placed over it and molding sand was packed in the box around the pattern. The

pattern was then lowered below the surface of the table, and the mold was removed by a crane. Underneath the table was the apparatus for raising and lowering the pattern. The valve which controlled the pneumatic power was located at the end of the machine from twenty to twenty-four inches from the floor or ground and projected about four inches from the machine.

Appellee was employed at the time he was injured in connection with this molding machine when he had been so employed about a week and a half. It was his duty to clean off the pattern after the mold had been removed. For this purpose brushes were furnished to the men.

The accident happened on the night of January 8, 1903. A mold had been made, the pattern had been lowered and the mold was being removed. Appellee started to clean the pattern while it was below the table by reaching his hand through the opening in the table. By some means the power was turned on, the pattern rose and caught appellee's thumb and cut it off. There is evidence in the record tending to show that Govinis, a fellow-servant of appellee who was removing the mold, accidentally struck and turned the valve so as to cause the pattern to move up.

HERRICK, ALLEN, BOYESEN & MARTIN, for appellant.

DAVID K. TONE and H. M. ASHTON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant relies for a reversal of the judgment upon the ground, among others, that there is an utter failure of proof as to all the material allegations of the declaration.

In his declaration appellee, after describing the machine, avers: "That at one end of said machine was a wheel of, to wit, the width of four inches; that

said wheel was attached to an iron rod or shaft which then and there extended in a longitudinal direction beneath said cover of said machine, and that said shaft was connected with the other parts of said machine in such a way that the steam power of said machine could be turned on or off by means of said wheel and said shaft; that said wheel by means of which said steam power was turned on and off was then and there situated at, to wit, a distance of four inches from the end of said machine and immediately beneath the cover of the same; that a large number of men were then and there employed in and about said establishment of said defendant, and that in the course of their said employment in said establishment of said defendant, said employes had occasion to and did frequently pass in close proximity to the end of said machine upon which said wheel for turning on and off the power of said machine was situated; that when said employes of said defendant would pass too close to the end of said machine, they would sometimes brush against or strike said wheel used for turning on and off the power of said machine.

That by reason of said situation of said wheel for turning on and off the power for said machine, and by reason of the striking or brushing of the employes against the same, it became highly dangerous to operate said machine, in that when said machine was at rest and when said steam power was turned off and the operator was working in or around said machine, said steam power was liable to be turned on by employes passing by the end of said machine; that for a long time prior to said 8th day of January, 1903, said defendant carelessly and negligently permitted said wheel, which was then and there used for turning on and off the steam power on said machine, to be and remain in a projecting position at, to wit, the distance of four inches from the end of said machine.

That a short time before the 8th day of January,

1903, plaintiff complained to defendant about said dangerous condition of said machine and then and there notified said defendant that it was dangerous to work in and around said machine when said steam power was turned off, for the reason that said wheel by which said power was turned on and off was so situated that it could be and was at times easily turned by other workmen striking against said wheel while passing the end of the said machine; that said defendant thereupon promised to remove said dangerous situation of said wheel within a reasonable time and to place said wheel in such a position that it could not be struck by other employes walking by said machine; that said promise to change said wheel and to place it where it was not liable to be struck by passers-by was made to plaintiff a short time before said 8th day of January, 1903; that, relying upon the promise of said defendant to repair said machine by placing said wheel beneath a part of said machine where it could not be struck by passers-by, plaintiff continued in the employ of said defendant, and that he was induced to continue in the employ of said defendant by reason of said promise then and there made by said defendant to repair and change said machine in the manner, as stated aforesaid, within a reasonable time; that defendant, not regarding its duty in that behalf, and in violation of its said promise to repair the said machine by changing said wheel and placing it in such a position that it would not be struck by persons passing the machine, then and there carelessly and negligently permitted said wheel at the end of said machine to be and remain at a distance of, to wit, four inches from the end of said machine and in such a position that the end of said wheel was liable to be struck by persons passing said machine.

That, on the day and year aforesaid, plaintiff was in the employ of defendant and was then and there operating said machine in said plant of said defend-

ant, and that while he was cleaning certain material from around the pattern or shaping part of said machine, and while plaintiff then and there had his right hand into the opening near the center of the cover of said machine, one of the workmen of said defendant, while passing the end of said machine, struck said wheel which was used for turning on and off the steam power of said machine, and that in consequence thereof said wheel was turned and the steam power of said machine was then and there turned on and the lower portion of said machine was suddenly moved upward immediately beneath the center of said machine, and plaintiff's right hand was then and there caught between said machinery so moved upward and the cover of said machine; that at all times at and before the happening of the said injuries and the moving of the said lower part of the said machine, plaintiff was in the exercise of ordinary care for his own safety; that by reason of the carelessness and negligence of defendant as aforesaid, said lower part of said machinery was suddenly moved upward, and it then and there caught and crushed the right hand of plaintiff against the lower part of the cover of said machine, and that by reason thereof the thumb on plaintiff's right hand was then and there torn off, and that plaintiff was then and there and thereby severely injured and incapacitated from performing his usual work as a laborer and earning a livelihood.''

From an examination of the declaration it appears that the negligence averred was in allowing the wheel or valve which controlled the power by which the machine was operated to be and remain at a distance of four inches from the end of the machine in such a position that the wheel was likely to be turned by persons brushing against it in passing. The complaint is that appellant carelessly and negligently permitted the wheel to be and remain projecting from the end of the machine; that appellee complained of this al-

leged dangerous construction or arrangement, and "that said defendant thereupon promised to remove said dangerous situation of said wheel within a reasonable time and to place said wheel in such a position that it could not be struck by other employes walking by said machine," and that "relying upon the promise of said defendant to repair said machine by placing said wheel beneath a part of said machine where it could not be struck by passers-by, plaintiff continued," etc.

This is obviously a complaint directed to the construction of the machine, and that the promise to repair was to change the construction by placing the wheel beneath a part of the machine where it could not be struck by persons passing the machine. There is no averment in the declaration that the machine was permitted to become out of order or that the wheel worked too loosely or that there was any defect or uncertainty in the action of the machine. The theory of the declaration, in other words, is, that the original plan of constructing the machine was defective, not because the machine as constructed did not do the work which it was intended to do, but simply because the wheel was placed four inches outside of the body of the machine and from twenty to twenty-four inches from the ground. In passing we may say that we seriously doubt that the declaration states a case of negligence against appellant. It has never been held, we think, that it was negligence to construct a machine in a factory with a proper or sufficient valve or wheel, of the character indicated, exposed where it could be conveniently reached in the operation of the machine or where persons passing it might brush against it.

The only witness who gave any evidence on the trial as to the immediate cause of the action of the machine which produced the injury, was Govinis, who testified for appellee. Govinis testified that he was a laborer making molds for appellant; that he worked

on the same machine with appellee; that he was going away with the mold and that while he was turning the mold around his foot slipped and struck the wheel and the machine began to move; that appellee was cleaning the machine and the witness was standing at the end of the machine; the crane was lifting the mold, and he was turning it away from the machine.

From this evidence it clearly appears that Govinis was not a passer-by; he was working at the machine, and that his foot accidentally slipped and struck the valve.   This shows that the accident did not happen by reason of the negligence alleged in the declaration.

The testimony of appellee and the witness Wowar was to the effect that the valve was loose, or, as Wowar put it, "it was very loose, worked here and there." This evidence did not tend to prove any averment of the declaration, for it contains no averment of negligence on the part of appellant in permitting the valve to become loose and defective.   Appellee could not recover on account of such negligence, for the allegation and proof must correspond.   Appellee cannot aver negligence in the construction of the machine, and on the trial prove that appellant was negligent in another regard.   As stated in T., W. & W. Ry. Co. v. Foss, 88 Ill. 551: "One object of a declaration is to state the facts relied upon for a recovery so plainly that the defendant may be prepared to meet them. This object in pleading would be entirely defeated if a plaintiff had the right to aver in his declaration one ground of action and on the trial prove another and different ground."   This doctrine is illustrated by many different cases.   Among them are Ebsery v. C. C. Ry. Co., 164 Ill. 518; C. & E. I. R. R. Co. v. Driscoll, 176 id. 330; C. & A. R. R. Co. v. Vipond, 101 Ill. App. 607; International Packing Co. v. Cichowicz, 107 Ill. App. 234; C. U. T. Co. v. Theorell, 120 Ill. App. 490.

There is another view to be taken of the case which

also leads to the conclusion that appellee cannot recover, irrespective of the condition of the pleadings, namely: The evidence does not disclose any negligence or breach of duty on appellant's part.

As we have said, there was no evidence that the machine in question was defective because of the mode in which it was constructed in respect to the location of the valve. We are further of the opinion that the evidence did not authorize the jury to find that appellant was negligent in permitting the machine to be out of repair. The only evidence that it was out of repair was the testimony above referred to that the valve was loose. The machine worked all right, and without any uncertainty as to its action. The valve was not so loose, therefore, but that it retained sufficient pressure in the cylinder to raise the pattern. If it had been very loose or defective, the air would have escaped around the joints of the valve and it would not hold the air pressure at a point where it could raise the pattern with any force. This is common sense. It is the undisputed testimony of Munton, Jeschke and Robins. The vague statements of appellee's witnesses that the valve was loose mean very little. It was necessarily loose enough to be turned, for it was designed to be turned by the wheel. Nor do we think the fact, if it be a fact, that Govinis slipped and struck his foot against the wheel with sufficient force to turn the valve, tends to prove that the valve was defective. The testimony of Munton and Jeschke as to the inspection of the machine and valve that morning and evening and on the next morning after the accident and finding it in good condition, together with the fact that it operated the machine, overcomes any inference reasonably to be drawn from the testimony of appellee's witnesses as to the defective condition of the valve.

The judgment is reversed with finding of fact.

*Reversed.*