## CHICAGO & ALTON RAILROAD COMPANY
### v.
## GEORGE DUNN.

*Railroads—Personal Injury—Action by Employe—Fellow-Servants—Negligence.*

In an action by an employe of a railroad company for a personal injury, caused by a car leaving the track, this court waives the question whether the plaintiff was a fellow-servant with the conductor and engineer, and holds that the evidence fails to show negligence on the part of the defendant.

[Opinion filed May 27, 1887.]

C. & A. R. R. Co. v Dunn.

Appeal from the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding.

Mr. G. S. Eldredge, for appellant.

Messrs. L. W. Brewer and Jay T. Murdock, for appellee.

Lacey, J. This was an action on the case by the appellee against the appellant to recover for personal injuries received by him while riding on the train of the latter, proceeding from Garfield to Washington, Tazewell County.

The appellee, with a number of other employes for the same purpose, were proceeding on their way on the appellant's train, consisting of four locomotive engines attached to a freight car loaded with coal, a passenger coach and a caboose or way car, in the order named. The train started westward. West of Matamora on descending a down grade, the caboose car on which appellee was riding, was derailed, and after being drawn some distance over the ties was turned over partly on the top and side and here the injury was received, the *radius* of the left arm being broken, and it is also claimed the *ulna* was dislocated.

The verdict of the jury was that the appellant was guilty and appellee's damages were assessed at $500, from which the appellant takes this appeal. The declaration consisted of three counts. The first proceeds upon the theory that the appellee was not a fellow-servant with the engine driver, and that appellant, by its servants, so carelessly and improperly ran the caboose and train that the caboose in which appellee was riding was thrown from the track and overturned, and in consequence appellee injured. The second count was a charge of negligence of appellant in failing to keep in proper repair the track and road-bed, and in consequence the said caboose was overturned, etc., and the injury occurred.

The third count, that the appellant negligently failed to keep its railroad and its rails and ties in a skillful and proper manner, in consequence of which appellee received his injury, etc.

Waiving the question whether or not the proof under the

first count did not show that the appellee was a fellow-servant
with the engine driver and conductor who ran the train in
the same line of employment, which we, under the authority
of C. & A. R. R. Co. v. Keefe, 47 Ill. 108, and St. L. & S. E.
Ry. Co. v. Britz, 72 Ill. 256, are inclined to hold, he was a fel-
low-servant in the same line of employment with those who
ran the train, all being servants of a common master and asso-
ciated together at the time, the one running the train and the
other proceeding to his appointed work. But waiving that
question, we do not think that the engine was run at a danger-
ous rate of speed, even if it was run at a *high* rate of speed.
There is no sufficient proof that it was an unreasonable rate
of speed under all the circumstances. It appears that the
employes of the appellant were compelled to keep up a good
rate of speed to prevent being stuck fast in the snow banks.
The purpose of the train was to plow the snow out of the track
and where that failed the shovelers were to shovel it out.
We will not undertake to recite the evidence, it serving no
good purpose.

As to the condition of the road-bed and ties and length of
railroad-track iron, the appellee produced two witnesses who
testify that the ties were rotten and not sufficient to hold spikes
and would have the jury believe that this was the cause of the
accident. But, as we think, all this evidence is completely
overcome by appellant's witnesses, Reiley, Bolens, Goodman,
Hurley and Fitzgerald, all of whom testify that the road-bed
was frozen solid and that none of the ties were the least
misplaced and none of them unsound, and that the rails were
replaced and spiked down on the same ties as before; it needed
no new ties or iron; that none of the iron was less than
twenty-one feet in length, and, even if the iron were short, it
would not render the track dangerous. The appellee testified
that he saw the rails fly out on the south side of the track ten
or fifteen feet when the accident happened.

This is clearly shown to have been false as no rail was found
on the south when the road was repaired, and it is shown by
Dr. Smith, who attended appellee and dressed his wound, that
he said he was asleep when the accident happened.

It appears quite clear from the evidence that what caused the accident was the breaking out of some fourteen inches of the flange on one of the tracks to the coal car, for the breaking of which no negligence could be charged to appellant.

We are satisfied that no negligence has been shown against appellant to charge it with negligence and that no right of recovery exists.

We see no fault with the instructions for appellee.

The judgment is therefore reversed.

*Judgment reversed.*